NICK PONEH, *a Minor, etc., Appellee,* v. THE UNION PACIFIC RAILROAD COMPANY, *Appellant.*

No. 16,614.

MASTER AND SERVANT—*Injury to Employee—Failure to Warn a Minor of Danger.* The failure of a master to warn a minor of the dangerous character of the work he was doing was not actionable negligence.

Appeal from Wyandotte court of common pleas. Opinion filed July 9, 1910. Reversed.

*R. W. Blair, H. A. Scandrett,* and *B. W. Scandrett,* for the appellant.

*Thomas A. Pollock,* and *Edward C. Little,* for the appellee.

*Per Curiam:* This action was commenced by the appellee, a minor, through his next friend, in the court of common pleas of Wyandotte county, February 6, 1907, to recover damages on account of injuries received while in the line of duty as an employee of the appellant. The plaintiff recovered a verdict for $2000, and the railroad company appeals.

The plaintiff was assisting in cutting rails, which required several employees—one, at least, to hold the rail, one to hold the chisel, and another to use the hammer, or sledge. The plaintiff was engaged in holding the rail. He charged negligence upon the part of the defendant in using a defective hammer and chisel, and in

the negligent use of them, whereby a small piece of metal hit him in the eye and destroyed it. On the trial the jury returned findings of fact with the general verdict which read:

"(1) Ques. Did the plaintiff receive any injuries while working for the defendant? Ans. Yes.

"(2) Q. If you answer question 1 in the affirmative, state whether his injury was caused by a piece of steel striking his eye. A. Yes.

"(3) Q. If you answer question 2 in the affirmative, state where the piece of steel came from. A. From the chisel.

"(3½) Q. If you answer question 2 in the affirmative, then state what caused the piece of steel to break off. A. Through the inexperience or carelessness of the man striking or the man holding the chisel.

"(4) Q. Was a rail being cut at the time of the accident? A. Yes.

"(5) Q. What was plaintiff doing at the time of the accident? A. Holding the rail.

"(6) Q. Was a chisel being used in cutting the rail? A. Yes.

"(7) Q. What was the appearance of this chisel before the accident, as to its condition? A. It looked new.

"(8) Q. Were any defects observable on the chisel before the accident? A. We know of none.

"(9) Q. If you answer question 8 in the affirmative, state fully the defects which were so observable. A. We know of none.

"(10) Q. Was the chisel in good condition and repair just prior to the accident? A. It looked new.

"(11) Q. If you answer question 10 in the negative, state fully in what respect it was not in good condition or repair. A. Do not know.

"(12) Q. If you answer question 10 in the negative, state how long it had been out of repair or in poor condition. A. Don't know.

"(13) Q. Was the chisel of an approved pattern for the work for which it was used and made? A. Yes.

"(14) Q. Was the chisel made for the purpose of cutting rails? A. Yes.

"(15) Q. Do you find the defendant guilty of any negligence? A. Yes.

"(16) Q. If you answer question 15 in the affirma-

tive, state fully in what the negligence consisted. A. Of defendant not instructing plaintiff, who was inexperienced, as to the danger of the work he was assigned."

From these findings it will be seen that the only negligence imputed to the defendant is the failure to warn the plaintiff of the dangerous character of the work he was doing. The plaintiff was a minor and without experience in that kind of work. It may be fairly inferred from the findings of the jury that all the utensils used in doing the work that was being done at the time the plaintiff was injured were, so far as could be observed, in perfect condition and of the most approved kind. It does not appear that there was any reason to anticipate danger upon that occasion or that there was any device known by which the plaintiff could have protected himself from injury if he had anticipated danger. It seems that any warning that could have been given to him would have been useless.

The evidence does not show where the piece of metal came from that struck the plaintiff, but the inference is quite satisfactory that it came from a nick in the chisel, an accident that is said to be very rare, not having occurred before within the knowledge of the foreman, Lightfoot, during twenty years' experience in that business.

In view of the facts found by the jury and the evidence in the case we think the mere fact that the plaintiff was not warned that he was working in a dangerous business will not sustain a verdict. The court should have granted a new trial. The judgment is reversed.