No. 26,943.

Dye Sunderland, *Appellee*, v. O. L. Steanson and A. B.
Zimmerman, as Partners, etc., *Appellants*.

SYLLABUS BY THE COURT.

Master and Servant—*Duty of Master to Furnish Safe Place to Work—Notice
of Defects—Negligence of Fellow Servant—Assumption of Risk*. The pro-
ceedings considered in an action by an employee against his employer for
damages for personal injury sustained on account of the employer's failure
to furnish the employee a safe platform on which to work, and *held*, assign-
ments of error presenting the subjects of nonliability of the master for de-
fects in a platform which servants themselves construct, notice of defect to
the master, negligence of fellow servants, and assumption of risk by the in-
jured servant, are without merit.

Appeal from Anderson district court; Hugh Means, judge. Opinion
filed January 8, 1927. Affirmed.

*Charles T. Meuser,* of Paola, and *J. Q. Wycoff,* of Garnett, for the appellants.
*John K. Bowman* and *De Witt M. Stiles,* both of Garnett, for the appellee.

The opinion of the court was delivered by

Burch, J.:   The action was one by a servant to recover damages
from his master for personal injuries sustained on account of a de-
fect in a platform on which the servant was required to work. Plain-
tiff recovered, and defendants appeal.

The petition alleged defendants employed plaintiff to work as a
tool dresser about a drilling rig which defendants were operating;
defendants constructed a platform about the well which was drilling
and alongside the rig; a shed built over the platform prevented use
of a crane in moving heavy tools, and it was necessary to roll such
tools over the platform to remove them from the well; and while
removing a heavy tool, under direction of defendants, the planks
of the platform, not being securely fastened to their supports,
shifted, and caused plaintiff's injuries, which were described.

The petition stated a cause of action as against defendants' gen-
eral demurrer.  Until the contrary appears, it is the duty of the
master to furnish the place where the servant works; the defect in
the place being one of construction, it was not necessary to allege
notice to defendants; and the petition charged the insecure con-

Appeal and Error, 3 C. J. p. 780 n. 38.  Master and Servant, 39 C. J. pp. 308
n. 13, 325 n. 44, 434 n. 99, 623 n. 8, 696 n. 33, 721 n. 54, 748 n. 35, 780 n. 3, 928 n.
76; 3 L. R. A. n. s. 500; 4 L. R. A. n. s. 220; 18 R. C. L. 596.

Sunderland v. Steanson.

struction caused plaintiff's injury. Besides that, defendants were fully apprised of the nature of plaintiff's claim, and now that the case has been tried and all the facts have been developed, imperfections in the statement of plaintiff's claim have become inconsequential.

When the rig was set up and the platform was built, the crew consisted of Maddux, who was foreman, Barker, Cusick, and plaintiff. The men knew what to do, and no special assignment of tasks was necessary or was made. Barker and Cusick built the platform with such material as defendants furnished. The jury returned the following special findings of fact, which are not contested:

"Q.1. Were the defendants guilty of any negligence toward the plaintiff? A. Yes.

"Q.2. If you answer the foregoing question in the affirmative, then state fully of what such negligence consisted. A. Nails too small were used in construction of walk.

"Q. 3. Prior to the time of plaintiff's injury, did the defendants or anyone acting for them have any notice or knowledge of the defective condition of the floor or platform in question? A. Yes, the man that drove the nails.

"Q. 4. If you answer the above question in the affirmative, then state what notice or knowledge they had. A. He knew that the nails were too small, and the proper nails were not furnished.

"Q.5. Did the plaintiff assist in the building of the walk in question? A. No.

"Q. 6. Were the parties who built the walk in question experienced in such work and competent to build such walk? A. Yes.

"Q. 7. Did the plaintiff, at the time of the injury complained of, know of the condition of the walk or platform in question? A. No.

"Q.8. Did the plaintiff know, or in the use of ordinary care should he have known, the risks and dangers which he would normally and necessarily encounter in working on the walk in question upon which he was injured? A. Yes; he knew the risks he was taking, assuming the walk to be properly constructed.

"Q.9. Was the injury received by the plaintiff due to his accidentally slipping while lifting upon or moving a drilling bit? A. Only as the board slipped.

"Q. 10. Was the plaintiff careless or negligent in performing his work or his duties at the time of his injury? A. No."

Defendants invoke the rule that when workmen build their own scaffolding, platforms and runways, the master is not liable for consequences of defects in construction. Authorities are cited. The rule is sound, but in every one of the cited authorities the condition is attached that, if the master furnish the material he must furnish proper material. In this instance defendants furnished the

material to build the platform, and the nails were not of proper size.

The fellow-servant rule is invoked. That rule does not apply because the failure to furnish proper material constituted breach of an absolute duty of the master. It is said plaintiff assumed the risk because he used the platform for a number of days before he was injured. He was ignorant of the manner in which the platform was constructed.

The court refused to permit one of defendants to testify he did not know there was a loose board in the walk, and had no notice of the fact. Defendants are not permitted to deny notice of defects in construction resulting from failure to furnish proper material.·

Assignments of error are predicated on the giving and refusing of instructions to the jury. The facts which determine liability are found in detail, and it is not now material what rules the court gave to enable the jury to appraise liability.

The judgment of the district court is affirmed.