No. 30,832.

CLARENCE M. WHEELER, a Minor, by MYRTLE E. WHEELER and L. L. WHEELER, his Parents, as Guardians and Next Friends, *Appellant,* v. CHARLES GLENTON BOYER and THOMAS MARVIN BOYER, *Appellees.*

(17 P. 2d 931.)

Opinion filed January 7, 1933.

*E. J. Taggart, John Bradley,* both of Wellington, *W. L. Cunningham, D. Arthur Walker, Fred G. Leach* and *Wm. E. Cunningham,* all of Arkansas City, for the appellant.

*George W. Cox, Lawrence Weigand, A. Cale Blakely, L. E. Curfman, Jr.,* all of Wichita, and *Ed. T. Hackney,* of Wellington, for the appellees.

The opinion of the court was delivered by

SLOAN, J.: This is an action to recover damages for a personal

injury. The trial court sustained a demurrer to plaintiff's evidence, and the plaintiff appeals.

The parties to this action are residents of Sumner county. In May, 1930, the defendants employed Clarence M. Wheeler, with the approval of his parents, to assist in breaking an eighty-acre tract of land in Stanton county, near Johnson City. The plaintiff was between eighteen and nineteen years of age at the time of the employment. Charles Boyer, one of the defendants, and the plaintiff went to Stanton county to do the breaking, which was done by a tractor and a string of plows. They used kerosene and gasoline in the tractor. An ordinary five-gallon can with a spout and opening was used to fill the tank on the tractor. The gasoline and kerosene were delivered to the farm in barrels and were mixed in the process of filling the tank on the tractor. The land was covered with a rank growth of soap weeds, which interfered with the plowing. The defendant inquired of the plaintiff if he knew of any way by which they could get rid of the soap weeds, and he replied that he thought they might burn them. The defendant attempted to start a fire with matches but was unsuccessful. He then made a torch by taking a piece of wire five or six feet long, wrapping asbestos around the end and covering this with a gunny sack which he saturated with kerosene from a five-gallon can filled from the kerosene barrel. He lighted the torch and used it in scattering the fire. When the torch burned out he poured kerosene on it from the can. He had gone through this process several times when he took charge of the tractor and asked the plaintiff to continue the burning. The plaintiff observed how the torch was handled by the defendant and followed the same process, using the same torch and the same can of kerosene. He laid the torch on the ground, poured the kerosene on it, lighted it and proceeded with the burning. He went through this process three or four times successfully. The torch burned out and he did not see any live coals. He picked up the can and was pouring the contents on the torch when an explosion occurred and he received painful injuries. He testified:

"While I was working out there with this torch, I did not know there was any danger of explosion. I did not think there was any danger of an explosion. Charlie had not warned me of any danger of an explosion; he told me to let the torch go out before I poured any more coal oil on it."

The plaintiff knew that gasoline was combustible and that it propelled the engine. He began driving a tractor when he was thirteen years of age and had operated a tractor at different times from that

time until the day of the injury. He had driven an automobile for about two years. He had used kerosene in lanterns and to start fires in the cookstove. He had not, however, experienced an explosion in the use of kerosene. At the time of his employment he had been away from home approximately one year. In the spring of 1929 he went to the wheat fields in Oklahoma, where he worked for two months. After returning home he went to Liberal, where he did general farm work, including·driving a tractor. He entered high school in Delevan, Minn., and was there about eight weeks. From there he went to Oklahoma, where he drove a team on a dumping wagon for a short time. Afterwards he obtained a job at the Sparton Airport, in Tulsa. He was a roustabout and helped take care of the ships when they came in, which included servicing with gasoline. There was evidence of expert witnesses to the effect that the flashing point.of gasoline is atmospheric pressure, and the flashing point of kerosene is 125 degrees; that they are not homogeneous, but when put in a container gasoline being the lighter rises to the top; that when gasoline and kerosene are mixed the flashing point is approximately the same as gasoline; that kerosene burns but does not explode. It was the opinion of the expert witnesses that there was gasoline in the can.

It was the contention of the plaintiff that the defendants were negligent in that they failed to warn or instruct the plaintiff as to the danger of an explosion in the use of kerosene and gasoline. The trial court sustained a demurrer to the evidence, and, in sustaining the demurrer, said:

"From the evidence in this case introduced by the plaintiff, the court is of the opinion that the evidence fails to disclose any negligence recognized by law under which the plaintiff would be entitled to recover. That the particular element of negligence which is lacking and upon which the plaintiff would have to seek a recovery is with reference to the knowledge of the plaintiff of the character of the dangerous element that was used which resulted in his injury."

The order sustaining the demurrer is here for review.

The appellant invokes the rule that it is the duty of the employer to warn and instruct the employee as to defects and dangers of which he has knowledge or ought, in the exercise of reasonable care and diligence, to know, and of which the employee has no knowledge, actual or constructive. This rule applies with full force and vigor as to warning a young or inexperienced employee concerning extraordinary risk which is ascertainable only through scientific

knowledge which an uneducated man is not presumed to know. Where, however, the peril is obvious or so patent as to be readily understood by the employee by the reasonable use of his senses, having in view his age, intelligence and experience, the employer is not negligent in failing to warn the employee of such obvious and patent perils. (*Railway Co. v. Kingscott,* 65 Kan. 131, 69 Pac. 184; *Poneh v. Railroad Co.,* 83 Kan. 226, 109 Pac. 771; *Sunderland v. Steanson,* 122 Kan. 250, 252 Pac. 221; *Howard v. Jones Store Co.,* 123 Kan. 620, 256 Pac. 1019; 39 C. J. 496, and cases there cited.)

The trial court, in sustaining the demurrer, held that the appellant had failed to establish actionable negligence and that the evidence disclosed there was no omission on the part of the appellees. The appellant was a young man more than eighteen years of age who had had considerable experience. He disclosed by his evidence that he was quite familiar with the operation of farm machinery, including gasoline engines. He had operated a tractor and driven an automobile for some time prior to the accident. He knew that gasoline was inflammable and combustible, and that it propelled the engine. He had used kerosene and knew that it would burn. These commodities are in common use and, while dangerous substances, they are harmless when used with care. It would be an impeachment of ordinary intelligence not to charge a person with the knowledge that pouring kerosene on a burning torch was dangerous and likely to cause an explosion. In this age when gasoline and kerosene are so commonly used and the purpose of their use well known, the courts cannot permit an intelligent young man to say that he does not know the danger incident to the handling of kerosene or gasoline in close proximity with fire. Under the circumstances of this case the failure to warn the appellant was not an omission of any duty which the appellee owed to him. In any event the employer fulfills his duty to the employee when he gives such employee reasonable notice of the danger and instruction how to avoid it. The appellees instructed the appellant "to let the torch go out before he poured any more coal oil on it." This was a sufficient warning to advise the ordinary, prudent person of the danger, and had he heeded this warning it is obvious that the accident would not have occurred. We do not think the evidence in this case established actionable negligence, and the court properly sustained the demurrer.

The judgment is affirmed.