WILL MICHAEL, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. In an indictment for murder it is essentially necessary to set forth particularly the manner of the death, and the means by which it was effected, but in stating the facts which constitute the offense no technical terms are required, and an averment of the manner and means by which the deceased came to his weath in concise and ordinary language and in such a way as to enable a person of common understanding to know what was intended, is sufficient.

2. Under section 2893 Revised Statutes, it is immaterial that an indictment for murder concludes against the form of the "statutes" where it should properly conclude against the form of the "statute."

3. Where counsel make improper and prejudicial remarks or arguments during the trial of a case, the opposite party should present his objections thereto and secure a ruling from the presiding judge thereon, and, if the ruling is adverse, except to it, in order to secure a review of such ruling by this court. This court can not consider an exception to a remark of counsel, but only an exception to some ruling of the trial court with reference thereto.

Writ of Error to the Circuit Court for Sumter county.

The facts in the case are stated in the opinion of the court.

*R. L. Anderson*, for Plaintiff in Error.

*The Attorney General*, for Defendant in Error.

CARTER, J.:

At the Fall term, 1897, of the Circuit Court of Sumter county, plaintiff in error was convicted of murder in the first degree with recommendation to mercy, and from the sentence imposed upon him sued out this writ of error. The indictment, which was found September 26, 1896, reads as follows: "In the name of the State of Florida. In the Circuit Court of the Fifth Judicial Circuit of the State of Florida for Sumter county, at the Fall term thereof, in the year of our Lord one thousand eight hundred and ninety-six, Sumter county, to-wit: The grand Jurors of the State of Florida, enquiring in and for the body of the county of Sumter, upon their oaths do present, that Will Michael, late of the county of Sumter aforesaid, in the Circuit and State aforesaid,

laborer, on the 24th day of June, in the year of our Lord one thousand eight hundred and ninety-six, with force and arms, at and in the county of Sumter aforesaid, did unlawfully, feloniously, of his malice aforethought, and from a premeditated design to effect the death of one Henry Rush, make an assault on the said Henry Rush; and a certain gun which then and there was loaded with gun-powder and leaden bullets, and by him the said Will Michael had and held in his hand, he the said Will Michael did then and there unlawfully, feloniously, of his malice aforethought, and from a premeditated design to effect the death of the said Henry Rush, shoot off and discharge at and upon the said Henry Rush, thereby and by thus unlawfully, feloniously of his malice aforethought, and from a premeditated design to effect the death of the said Henry Rush, striking him with the leaden bullets aforesaid unlawfully, feloniously of his malice aforethought, and from a premeditated design to effect the death of the said Henry Rush, inflicting on and in the body of him the said Henry Rush one mortal wound, of which mortal wound the said Henry Rush then and there instantly died.   And so the said Will Michael did in manner and form aforesaid, unlawfully, feloniously of his malice aforethought, and from a premeditated design to effect the death of the said Henry Rush, kill and murder the said Henry Rush, against the form of the statutes in such cases made and provided, against the peace and dignity of the State of Florida—(Signed) Syd. L. Carter, State Attorney, Fifth Judicial Circuit of Florida."

Plaintiff in error moved to quash this indictment upon grounds stated as follows:  "1st. The indictment is so vague and indefinite in its description of the alleged homicide that the defendant can not obtain a fair trial thereunder.   2nd. The indictment does not sufficiently

charge an offense under the statute. 3rd. The indict-
ment is defective and insufficient under the common
law. 4th. It does not sufficiently allege that the de-
ceased was struck with the leaden bullets alleged, nor
does it show who was struck by the same. 5th. It does
not show when or where the defendant had or held the
alleged gun mentioned in the indictment. 6th. It does
not conclude in the manner required by law in that it
concludes against the form of the statutes, employing
the plural instead of the singular. 7th. The indictment
is otherwise vague, imperfect, indefinite and insuffici-
ent." The order overruling this motion to quash con-
stitutes the first assignment of error.

The plaintiff in error contends in this court, that
the loose employment of the pronoun in this indictment
leaves the description or identification of the deceased
and the accused indefinite and insufficient; that the use
of the plural, "statutes," instead of the singular, "stat-
ute," in the concluding portion renders it defective in
form, and he insists that the remaining grounds of the
motion to quash argue themselves. It is provided by
section 2892 Revised Statutes that "every indictment
shall be deemed and adjudged good which charges the
crime substantially in the language of the statute prohib-
iting the crime or prescribing the punishment, if any
such there be, or if at common law, so plainly that the
nature of the offense charged may be easily understood
by the jury;" and by section 2893 that, "no indictment
shall be quashed or judgment be arrested, or new trial
be granted, on account of any defect in the form of the
indictment, or of any misjoinder of offenses, or for any
cause whatsoever, unless the court shall be of opinion
that the indictment is so vague, indistinct and indefinite
as to mislead the accused and embarrass him in the
preparation of his defense, or expose him after convic-

tion or acquittal to substantial danger of a new prosecution for the same offense." In Adams v. State, 28 Fla. 511, 10 South. Rep. 106, it was held that in an indictment for murder it is essentially necessary to set forth particularly the manner of the death and means by which it was effected, but in stating the facts which constitute the offense no technical terms are required, and an averment of the manner and means by which the deceased came to his death in concise and ordinary language, and in such a way as to enable a person of common understanding to know what was intended, is sufficient. Tested by the rules announced by this decision and the quoted provisions of the Revised Statutes, the indictment in this case was sufficient. Its allegations show clearly that the deceased was struck by leaden bullets discharged from a gun in the hands of the accused at the time when and the place where the accused is alleged to have made the assault upon the deceased; that a mortal wound was inflicted by the leaden bullets of which the deceased instantly died, and that in every act done by the accused he was proceeding unlawfully, feloniously, of his malice aforethought, and from a premeditated design to effect the death of the deceased. The form of this indictment bears a striking resemblance to that found in section 520 Bishop's Directions and Forms, and while there are repetitions of some allegations not found in Mr. Bishop's form, and perhaps not essential to the validity of the indictment, we think it contains every essential allegation necessary to constitute murder in the first degree, and that the language employed is sufficient to enable a person of common understanding to know what was intended to be charged. Plaintiff in error admits that the alleged defect in the conclusion of the indictment is not one of substance, but one of form only. We think this defect is embraced within section

2893 Revised Statutes, above quoted, and whatever may formerly have been its effect upon indictments otherwise sufficient, it can not now in view of this statute be regarded as material. Commonwealth v. Kennedy, 15 B. Mon. 531.

During the trial one Joe Bailey was examined as a witness for plaintiff in error. We quote the cross-examination of this witness by the State Attorney from the bill of exceptions: "Cross-examined by Mr. Carter. Q. What relation is he '(referring to the defendant)' to you? A. None at all. I married his grand-mother. Michael is a coward, and will run from anybody. Q. What kind of a boy was Henry Rush? A. He was bad boy. Mr. Carter. That will do. Have you any more witnesses that are related to the family? To which remark the counsel for defendant then and there excepted." The plaintiff in error insists that this remark was improper, calculated to prejudice him and his witnesses with the jury, and that the judgment should be reversed upon his exception thereto. It will be observed that the exception was not taken to any ruling of the court, nor was the latter called upon by plaintiff in error to make any ruling with reference thereto, and in fact the remark seems to have been a question addressed to a witness upon cross-examination. In Willingham v. State, 21 Fla. 761, we said: "There is really no such thing as an exception to a remark of counsel as a matter to be reviewed in this court. It reviews the action of the lower court, and where counsel have any objection to anything they should get a ruling from the judge of the lower court, and if it is adverse should except to such ruling and have it noted, and bring the ruling with the circumstances on which it is based, and the exception as noted here for this court's review of the decision upon such ruling. Where an exception is to ruling of the

court it is indispensable that the ruling should be stated, and it should also be alleged that the party then and there excepted." In that case it was shown by the bill of exceptions that plaintiff in error "excepted" to a remark of counsel for the State to the effect "that the defendant's counsel relied on his money and standing to secure his acquittal." This court refused to consider that exception because it was not based upon any ruling of the trial court, but upon a remark of counsel merely. In view of the decision in the Willingham case, there is nothing for us to review connected with the remark attributed to the State Attorney in this case.

The evidence was sufficient to support the verdict rendered against the plaintiff in error, and the court below did not err in overruling that ground of the motion for a new trial which questioned the sufficiency of the evidence.

This disposes of all the assignments of error argued, and finding no error therein, the judgment of the court below is affirmed.