ABRAHAM WOLKOWSKY, *Plaintiff in Error*, v. MORRIS GARFUNKEL, *Defendant in Error*.

Opinion Filed January 15, 1913.

In an action on the case the plaintiff is entitled to substantial damages for the wrong done him in his business repute when it is shown that the defendant in a rather exultant manner falsely stated to different persons that the plaintiff a merchant had failed in business and that defendant had seen the bankrupt papers in the court, it appearing that the plaintiff was injured in his business as a consequence of such false statements. In this case a judgment for $5000.00 damages is not so large in amount as to call for interference by the appellate court.

Appealed from the Circuit Court for Monroe County.

Judgment affirmed.

*L. A. Harris*, and *W. H. Ellis*, for Plaintiff in Error;

*W. Hunt Harris*, *H. H. Taylor*, and *A. H. Williams*, for Defendant in Error.

WHITFIELD, J.—Garfunkel brought an action of trespass on the case against Wolkowsky in which the declaration alleges in effect that the plaintiff was and still is a merchant conducting a general mercantile business in the sale of clothing, hats, shoes, furniture and other merchandise in Key West, Florida; that most of plaintiff's stock in trade was obtained on credit from wholesale merchants, owing to the limited capacity of plaintiff, which fact was well known to defendant at the time of the grievances herein stated; that plaintiff was before and at said time solvent and in a position by reason of his good name, fame and reputation, to buy such goods, wares

and merchandise as he needed on long time credit; that by means of which plaintiff had deservedly obtained the good opinion and credit of all his neighbors, merchants in trade and creditors in general in said city and in the United States, to whom he was in any wise known, and was daily and honestly acquiring great gains and profits in said trade and business, to the comfortable support of himself and family; that defendant well knowing this and being a competitor of defendant and contriving, and wickedly and maliciously intending to injure plaintiff in his good name, fame and credit, and to bring him into public scandal, infamy, disgrace and bankruptcy, and caused it to be suspected and believed that plaintiff had been and was bankrupt and not able to meet his just obligations when the same became due, and to vex, harass, oppress, impoverish and wholly ruin plaintiff in his trade and business and otherwise, the defendant on a stated day did falsely, wickedly and maliciously say to named persons that plaintiff had failed in his said business, had made an assignment and become a bankrupt; that the defendant had seen the papers filed in the United States Court; that plaintiff "had busted, keys and all;" that plaintiff "had failed and gone into bankruptcy;" that by means whereof the plaintiff has been and is greatly injured in his good name, fame, credit and brought into public scandal, infamy and disgrace to the damage of plaintiff in the sum of fifteen thousand dollars. A plea of not guilty was interposed. At the trial a verdict and judgment in favor of the plaintiff for $5,000.00 were rendered and the defendant took writ of error.

The only assignment of error that merits discussion in this opinion is that the judgment is excessive in amount. It appears that the defendant in a rather exultant manner made to different persons statements in effect that the

plaintiff had failed in business and that he, defendant, had seen the bankrupt papers in court. Defendant had heard plaintiff had failed. The statements were false.

The plaintiff testified that he "had been buying goods on credit ever since he started in business, that he was a little involved during the panic, but that he had no trouble in getting his credit extended, that his creditors always felt very good towards him; that lately he had noticed a difference, that now he was hunted and had . law suits, that he had eight summonses to appear served by the Sheriff and that people who had never pushed him before were pushing him to-day." A witness testified without objection that before the report complained of he had endorsed notes for the plaintiff, but that he had since refused to endorse notes for the plaintiff because of the rumor that the plaintiff was a bankrupt.

The plaintiff on his record is fairly entitled to substantial damages for the wrong done him in his business repute by the false statements of the defendant. In the opinion of the writer the award of $5,000.00 as damages, is excessive but the majority of the court are of opinion that the judgment is not so large in amount as to call for an interference by the appellate court, therefore the judgment is affirmed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.