JEPTHA E. BARKER, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

### Opinion Filed October 12, 1917.

1. A verdict will not be disturbed on the ground that it is not supported by the evidence, or contrary to the evidence, where there is evidence legally sufficient to support the verdict, unless it may well be assumed that the jury were improperly influenced by considerations outside the evidence.

2. Where the evidence is conflicting, a new trial will not be granted upon the ground that the verdict is against the weight of the evidence.

3. The order of the introduction of evidence and the examination of witnesses is a matter within the sound discretion of the trial court, and its action will not be disturbed unless a strong case is made showing that injustice has been done and a sound discretion has not been exercised.

Writ of Error to Circuit Court for St. Lucie County, J. W. Perkins, Judge.

Judgment affirmed.

*Penney & Penney,* for Plaintiff in Error;

*T. F. West,* Attorney General, and *C. O. Andrews,* Assistant, for the State.

ELLIS, J.—The plaintiff in error was convicted of manslaughter at the Spring Term, 1917, of the Circuit Court for St. Lucie County, upon an indictment charging him with the murder of Andrew Anderson, and took a writ of error. There are many assignments of error, but all are abandoned except the third, which raises the question of the sufficiency of the evidence to support the verdict, and the sixteenth, which relates to the propriety of the admission in evidence of certain testimony received on behalf of the State after the State had rested its case and the defendant's evidence was in.

We find nothing in the evidence to warrant a reversal of the judgment. A man named Walters on Christmas night, 1916, in St. Lucie County, was driving an automobile toward Ft. Pierce; seated in the car with him on the front seat was the deceased, Andrew Anderson; as they were proceeding on their way they overtook a party of pedestrians consisting of Walter Wood, his wife, Mrs. Pearl Bass, two or three children, Dock Robinson and the defendant Jeptha Barker. Walters was asked if he would take the party to Ft. Pierce, which he agreed to do without charge. There is some dispute as to whether he was requested to allow the party to ride with him, or whether they entered the car upon his own invitation, but the point is immaterial. There is evidence to show that the party entered the automobile taking seats in the rear of the car one of the children sat on the knees of

Andrew Anderson, the two women and Robinson sat on the rear seat, Woods on the door of the car behind Walters, the driver, and the defendant sat on the knees of Robinson behind Anderson. The defendant it appears became offended because others in the car refused to drink with him, and he began to urge Walters to drive faster, who refused to do so. The defendant became offensive both in his manner and language, and Anderson remonstrated with him, whereupon it appears that the defendant attacked Anderson and cut him severely with a knife, inflicting wounds from which the latter died about twelve days later. The defendant's account of the affair if it had been believed by the jury, would have exonerated him. The defense endeavored to show that Anderson made some insulting remarks about the character of the members of the party, which angered Robinson and Woods, and that the former struck Anderson over the head with a bottle of whiskey, and that Woods cut him with a knife; but this defense evidently found no credence with the jury. Nor can we say that the jury improperly repudiated it.

This court has many times said that where there is any evidence legally sufficient to support the verdict, the verdict will not be set aside as against the evidence unless it may well be assumed that the jury were improperly influenced by considerations outside the evidence. And that where the evidence is conflicting a new trial can not be granted on the ground that the verdict is against the weight of the evidence. See Hicks v. State, 25 Fla. 535, 6 South. Rep. 441; Browning v. State, 41 Fla. 271, 26 South. Rep. 639; Lindsey v. State, 53 Fla. 56, 43 South. Rep. 87; Barnhill v. State, 56 Fla. 16, 48 South. Rep. 251; Robinson v. State, 69 Fla. 521, 68 South. Rep. 649; Williams v. State, 45 Fla. 128, 34 South. Rep. 279.

We think the evidence was sufficient to support the verdict.

The sixteenth assignment of error presents the point that the testimony of a witness for the State named Dozier Alderman should have been excluded by the court upon defendant's objection to it, because the defendant had rested his case, and the evidence received was not in rebuttal. Like points are presented by the seventeenth, eighteenth, nineteenth, twentieth and twenty-first assignments of error. After the defense had rested its case on the evidence the State produced the witness Dozier Alderman, a deputy sheriff, who was asked, when he arrested the defendant what did the latter say? This question was objected to by defendant's counsel because the question was too indefinite; that counsel could not tell whether the answer sought to be elicited would be in rebuttal, and he should be notified of the purpose of the question. The court allowed the question to be asked, and the witness said that the defendant said, "Don't let anybody hurt me," and asked the witness who he was, and said, "If you are Dozier Alderman, please don't let anybody hurt me; I want you to put me in jail and give me a fair trial," and that he "did not want to be lynched." Counsel for the defense renewed his objection upon the ground that the testimony was not in rebuttal, and moved to strike it. Like objections and motions were made to the testimony of a witness named Al Ford, who was called by the State, and who testified to similar words uttered by the defendant when he was arrested. The arrest occurred at night; shortly after the deceased had been wounded and upon the road not far from where the difficulty occurred.

The assignments of error are not well taken. The defendant had testified that when the automobile contain-

ing the officers came from Ft .Pierce and arrived at the place where the defendant and his party were, he thought it was his duty to be in the car where Al Ford, an officer of the law, was, and that the defendant attempted to get in the car when it stopped and asked "Is this the Sheriff's car?" because he said he thought it was his duty to be in the car "for being in such a crowd, so that every man should be arrested and so that everybody should come before the court." That they pushed him off the car. We think the testimony of Alderman and Ford not only tended to explain the testimony of the defendant, but to contradict him as to his motive in seeking the protection of the officers of the law. See Starke v. State, 49 Fla. 41, 37 South. Rep. 850. Aside from this the order of the introduction of evidence and the examination of witnesses is a matter within the sound discretion of the trial court whose action will not be disturbed unless a strong case is made showing that injustice has been done, and that a sound discretion has not been exercised. See Brown v. State, 40 Fla. 459, 25 South. Rep. 63; McCoggle. v. State, 41 Fla. 525, 26 South. Rep. 734; Charles v. State, 58 Fla. 17, 50 South. Rep. 419.

In the case of Johnson v. State, 55 Fla. 46, 46 South. Rep. 154, this court speaking through Mr. Justice COCKRELL, said that in recognizing the discretion on the part of trial courts in the matter of relaxing rules of evidence the larger law is asserted, that "furtherance of justice should be the guide for courts rather than the blind following of rules of convenience that may have been adopted from time to time as more likely to bring about the main objects of all courts, to see that justice is administered under the forms of law."

No error in the trial of the cause having been made to appear, the judgment of the court below is affirmed.

BROWNE, C. J., AND TAYLOR AND WHITFIELD, J. J., concur. WEST, J., disqualified.