M. F. WHITTON, *Plaintiff in Error,* v. STATE OF FLORIDA, *Defendant in Error.*

Division B.

Opinion filed January 20, 1927.

1. Record examined and evidence found sufficient to sustain the verdict.

2. Where there is any evidence to support the verdict the verdict will not be set aside against the evidence, unless it may well be assumed that the jury were improperly influenced by consideration outside the evidence.

3. Where the charge complained of, when considered with other charges given, and the evidence could not reasonably have misled the jury, a new trial should not be granted.

A Writ of Error to the Circuit Court for Walton County; A. G. Campbell, Judge.

Affirmed.

*S. K. Gillis,* Attorney for Plaintiff in Error;

*J. B. Johnson,* Attorney General, and *H. E. Carter,* Assistant Attorney for State of Florida, Defendant in Error.

BUFORD, J.—The plaintiff in error was convicted in the Circuit Court of Walton County upon an indictment in two counts, the first count charging desertion of the wife, and the second count charging withholding means of support from the wife, each count alleging that there was not existing at the time of the act complained of any such case or causes as are made ground or grounds of divorce in the State of Florida.

There was a general verdict and under the authority of the decision in the case of Washington v. the State, 51 Fla. 137; 40 Sou. 765, such verdicts are held to apply to each count of the indictment.

There were three assignments of error:

1.    ''The Court erred in sustaining the objection of the State to testimony showing that the wife was able to earn her own living.

2.    The Court erred in refusing to allow the defendant to introduce testimony in regard to rebuttal testimony, new matter brought out in rebuttal testimony about the organ stool incident.

3.    The Court erred in denying the defendan't motion for a new trial.'' The first assignment of error is based upon the refusal of the Court to allow the witness to testify that the wife was able to earn her own living. Such testimony was irrelevant and immaterial and the objection thereto was properly sustained.

The second assignment of error was addressed to the refusal of the Court to allow the defendant to introduce

testimony in regard to a matter which had been testified about in rebuttal testimony. The record shows that this was not new matter in rebuttal testimony, but was introduced in rebuttal to contradict evidence which the defense had offered and the trial Court was entirely within the exercise of proper discretion in refusing further testimony in regard thereto on sur rebuttal.

The third assignment of error is addressed to the Court in refusing motion for new trial. The motion for new trial contains six grounds, as follows:

"1. The verdict of the jury is contrary to the evidence and is not supported by the evidence.

2. The Court erred in charging the jury as follows:

"Under our statute law, where a man deserts his wife, or where he withholds the means of support from his wife, he is guilty of an offense. He would not be guilty of an offense, if it is shown that at the time of the alleged desertion, or at the time of the alleged withholding of the means of support, there existed a ground for divorce, that is, that the———was such facts showing the conduct of the wife as made a ground for divorce against her, as is recognized by the statutes of this State."

3. The Court erred in charging the jury as follows:

"It must be shown that there is an habitual indulgence in violent and ungoverable temper toward the other spouse, that is habitual indulgence in a temper that is violent, making it dangerous, and it must be habitual, that is, continual, from time to time, to constitute a ground for divorce, and it must be of such a nature as to render cohabitation dangerous. Another ground for divorce in our State is extreme cruelty. The name carries with it cruelty that goes to that extent that it will bring mental or physical injury to the other spouse, and creates such a mental or physical

condition as would render it impossible for the spouse that complains to live with the·other spouse.''

4.   The Court erred in charging the jury as follows:

''Desertion as contemplated by our statute does not necessarily mean the physical absence of the husband from the wife and the mere separation but it carries with it also the failure or the refusal of the husband to perform the duties devolving upon him in the support and comfort of his wife.''

5.   The Court erred in charging the jury as follows:

''Under our law every man that is physically able is required to support his wife, and, if a man being physically able to earn a livelihood fails to support his wife, the state under which this prosecution is brought is made for the purpose of punishing such a one.''

6.   The Court erred in charging the jury as follows:

''But it must be a doubt naturally arising from the evidence.''

It will be observed that the first ground of the motion is addressed to the sufficiency of the evidence and the remaining grounds of the motion are adressed to certain parts of the charge given by the Court to the jury.   There is sufficient legal evidence to sustain the verdict and there is no reason to assume that the jury was influenced in its verdict by any consideration outside of the evidence.

Where there is any evidence to support the verdict the verdict will not be set aside against the evidence, unless it may well be assumed that the jury were improperly influenced by consideration outside the evidence.   This rule has been so often repeated by this Court and has become so universally recognized by the Courts of this State that it is not needful to consume space citing the numerous cases.

The rule involved in the consideration of the remaining grounds of the motion for new trial is ''Where the charge

complained of, when considered with other charges given, and the evidence could not reasonably have misled the jury, a new trial should not be granted," and is as well established as is the rule just above stated.

Upon a careful consideration of the evidence and the entire charge as given by the Court, we are of the opinion that such rule is applicable to this case. The judgment is therefore affirmed.

Affirmed.

WHITFIELD, P. J., AND TERRELL, J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion.