O. P. KIRKLAND, ALIAS BUD KIRKLAND, AND FRED STOKES, *Plaintiffs in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

## Division B.

## Opinion Filed January 24, 1927.

1. Where there is any substantial evidence to support the verdict, the verdict will not be set aside as against the evidence, unless it may well be assumed that the jury were improperly influenced by considerations outside the evidence.

2. Dying declarations to be admissible in evidence must first be shown to have been made at the time when the deceased not only thought death imminent, but that he evidently was without hope of recovery.

3. Whether a sufficient and proper predicate has been laid for the admission in evidence of dying declarations is a primary matter for determination by the trial court, being a mixed question of law and fact, and the judgment of such court thereon is entitled to great weight, every presumption being

in favor of its correctness, but such ruling is subject to review by Appellate Court, though it will not be disturbed unless it clearly appear to be erroneous.

4. It is not necessary that the preliminary test to establish a predicate for introduction of a dying declaration should consist of express utterances, but it may be gathered from any circumstances or from all the circumstances of the case.

5. Where counsel make improper prejudicial remarks or argument during the trial of a case the opposite party should present his objection thereto and secure a ruling from the presiding judge thereon, and if the ruling is adverse, except to it in order to secure a review of such ruling by this Court.

A Writ of Error to the Circuit Court for Duval County; DeWitt T. Gray, Judge.

Affirmed.

*Frank D. Brennan,* for Plaintiff in Error;

*J. B. Johnson,* Attorney General, and *Roy Campbell,* Assistant Attorney General, for the State.

*Frank D. Brennan,* for Plaintiff in Error.

BUFORD, J.—The plaintiffs in error were convicted of murder in the first degree, the jury recommending them to the mercy of the Court. They were sentenced to serve imprisonment in the State Prison for life. From this judgment and sentence they bring writ of error.

The error assigned is based upon the action of the Court in denying motion for a new trial. The motion contained twelve (12) grounds, as follows:

"1. Because the verdict is contrary to law.

2. Because the verdict is contrary to the testimony and against the weight of the evidence.

3.  Because the testimony is insufficient to establish the crime of murder in the first degree.

4.  Because the Court erred in overruling the objection of the defendants to the testimony of the witness, Dr. C. C. Collins as to the dying declaration of the deceased, and in permitting the said witness to testify and give in evidence the dying declaration made by the deceased.

5.  Because the Court erred in denying the motion of the defendants to strike out the testimony and statement of the witness Dr. C. C. Collins as to the dying declaration of the deceased.

6.  Because the Court erred in overruling the objection of the defendants to the testimony of the witness Fred H. King as to the dying declaration of the deceased, and in permitting the said witness to testify and give in evidence the dying declaration made by the deceased.

7.  Because the Court erred in denying the motion of the defendants to strike out the testimony and statement of the witness Fred H. King as to the dying declaration of the deceased.

8.  Because the Court erred in overruling the objection of the defendants to the testimony of the witness D. A. Hodges as to the dying declaration of the deceased and in permitting the said witness to testify and give in evidence the dying declaration made by the deceased.

9.  Because the Court erred in denying the motion of the defendants to strike out the testimony and statement of the witness D. A. Hodges as to the dying declaration of the deceased.

10. Because the Court erred in allowing the Acting State's Attorney to propound questions to the witness Pat Carter over the objection of the defendants, so framed as to constitute insinuations against the defendants in an attempt to prejudice the defendants in the eyes of the jury.

11. Because the Acting State's Attorney, Ion L. Farris, Esq., who prosecuted the defendants and conducted the prosecution on behalf of the State, in his closing address before the jury, read to the jury from a book eulogistic and pathetic portion of a speech once delivered by the late Henry W. Grady, of Georgia, on the relation between the old-time aristocratic Southern White man and the antebellum negro, for the purpose of prejudicing in the eyes of the jury the defendants in arraying one class against another by matter *aliunde* the record.

12. Because the trial judge permitted the Acting State's Attorney, Ion L. Farris, Esq., in his closing address, to read to the jury from a book to sustain the contention of such Acting State's Attorney on certain points arising in his advocacy of the State's case."

The first three grounds of the motion we may consider together.

Where there is any substantial evidence to support the verdict, the verdict will not be set aside as against the evidence, unless it may well be assumed that the jury were improperly influenced by considerations outside the evidance. Barnhill v. State, 56 Fla. 16, 48 Sou. 251; Graham v. State, 72 Fla. 510, 73 Sou. 594; Spanish v. State, 72 Fla. 420, 73 Sou. 230; Barker v. State, 74 Fla. 95, 76 Sou. 676.

The 4th, 5th, 6th, 7th, 8th and 9th grounds of motion may be considered together. Dying declarations to be admissible in evidence must first be shown to have been made at the time when the deceased not only thought death imminent but that he evidently was without hope of recovery. Malone v. State, 72 Fla. 28, 72 Sou. 415. Whether a sufficient and proper predicate has been laid for the admission in evidence of dying declartions is a primary matter for determination by the trial Court, being a mixed ques-

tion of law and fact, and the judgment of such Court thereon is entitled to great weight, every presumption being in favor of its correctness, but such ruling is subject to review by appellate Court, though it will not be disturbed unless it clearly appear to be erroneous. Richardson v. State, 80 Fla. 634, 86 Sou. 619. It is not necessary that the preliminary test to establish a predicate for introduction of a dying declaration should consist of express utterances, but it may be gathered from any circumstances or from all the circumstances of the case. Lowman v. State, 80 Fla. 18, 85 Sou. 166.

The remaining grounds of the motion may be considered together.

In the case of Michael v. State, 40 Fla. 265, 23 Sou. 644, this Court say:

"Where counsel make improper prejudicial remarks or argument during the trial of a case the opposite party should present his objection thereto and secure a ruling from the presiding Judge thereon, and if the ruling is adverse, except to it in order to secure a review of such ruling by this Court. This Court can not consider an exception to a remark of counsel, but only an exception to some ruling of the trial Court with reference thereto." Without intimating whether we consider the action of the Acting State's Attorney which is complained of in the motion for a new trial as being improper or not, it is only needful for us to say that there was no objection interposed by the plaintiffs in error, or on their behalf, at the time of the occurrence complained of. There was no ruling requested of the Court as to such matter and, therefore, the question sought to be raised is not properly presented to this Court.

The record in this case when measured by the standards of the law as stated herein, together with the other stand-

ards of law which are applicable to this case, discloses no reversible error, and, therefore, the judgment is affirmed.

Affirmed.

WHITFIELD, P. J., AND TERRELL, J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion.