EDWARD R. HOWELL, *Plaintiff in Error*, v. STATE OF FLORIDA, *Defendant in Error.*

136 So. 456.

139 So. 187.

Division A.

Opinion filed July 28, 1931.

Petition for rehearing granted September 14, 1931, and judgment reversed January 27, 1932.

*Zach H. Douglas, H. H. McDonald* and *Alonzo P. Meadows*, Attorneys for the Plaintiff in Error;

*Fred H. Davis*, Atty. Gen. and *Roy Campbell*, Assistant, Attorneys for the Defendant in Error.

*D. Niel Ferguson*, Attorney for Plaintiff in Error.

Brown, J.—Plaintiff in error was convicted of the

crime of incest and sentenced to a term in the penitentiary. To the judgment of conviction this writ of error was sued out.

Plaintiff in error filed a plea in abatement to the indictment, setting up that two members of the Grand Jury which found the indictment were related to the prosecutrix in the case and that one of them was a prosecutor of the defendant and had participated in the investigation of the charge against the defendant and the proceedings incident thereto and that both of said parties participated in the findings of the indictment in spite of the alleged disqualification. The State without demurring joined issue on the plea and it appeared from the evidence submitted under this issue that the two persons mentioned were not in the Grand Jury room at the time the indictment was voted on and did not take part in the investigation of the charge when it came up before the Grand Jury. The court charged the jury that if these two parties took no part in presenting the indictment, were not in the Grand Jury room, and took no part in and had nothing to do with it, and did not advise, or counsel in any way, the mere fact that they came into the court room and were present when the indictment was presented did not vitiate the indictment. The verdict of the jury on the issue thus submitted was adverse to the defendant, who then interposed a plea of not guilty to the indictment, and the case went to trial on the issue presented by the indictment and the plea of not guilty.

We find no error in the action of the court or the verdict of the jury on the plea in abatement. Peeples v. State, 46 Fla. 101, 35. So. 223; Lake v. State, 129 So. 827.

The general qualifications and disqualifications of grand and petit jurors are set forth in section 4443 Comp. Genl. Laws of 1927. These two persons were obviously not disqualified under this section of the statute.

It was held in Lake v. State, *supra*, that section 8220,

C. G. L. defines the only ground of challenge to the favor applicable to grand jurors in this State. This section reads as follows:

"Any person held to answer to any criminal charge may object to the competency of any one summoned to serve as a grand juror before he is sworn, on the ground that he is a prosecutor or complainant upon any charge against such person, or that he is a witness on the part of the prosecution and has been subpoenaed or been bound in a recognizance as such, and if such objection be established, the person summoned shall be set aside."

It does not appear from the record that any challenge to the competency of either of these two persons had been made or attempted to be made. In the case of Yates v. State, 43 Fla.. 177, 29 So. 965, it was held that under the statute mentioned, the objection must be taken and sustained by proof before the juror is sworn, and that the objection cannot be taken after verdict upon trial of the indictment found. It would, for like reason, also appear, from the language of said section 8220, that an objection to the competency of any one summoned to serve as a grand juror, on the grounds mentioned in the statute, not having been made and sustained by proof before the juror was sworn, such objection could not later be made by way of a plea in abatement to the indictment. As was said by this court in Lake v. State, *supra*: "The Grand Jury is merely an inquisitorial and accusatorial body; it is not the ultimate fact finder, but on the basis of exparte testimony indicts or accuses one of crime. Its finding is not a verdict or judgment and no interest other than as defined by statute will so disqualify a member of the grand jury as to vitiate the indictments returned by it."

It is true that Section 8213 C. G. L., provides that all the provisions of law covering the qualification and disqualification, etc., of petit jurors shall apply to grand jurors, but it was held in the cases of Peeples v. State and Lake v. State, *supra,* that this statute is not to be con-

strued as making all grounds of challenge to the favor applicable to a petit juror grounds of disqualification of a grand juror; that the grounds of qualification and disqualification referred to in said section 8213 C. G. L., relate only to those generally applicable to all jurors. This question is quite clearly discussed and disposed of in the cases above cited.

Furthermore, it is not shown that plaintiff in error was in any wise injured, as the evidence shows that neither of these two persons were present in the grand jury room when this charge was being investigated and the indictment voted upon; nor was it made to appear that they had anything to do with the matter.

Plaintiff in error requested the court to give the following charge to the jury:

"The court further charges you, Gentlemen of the jury, that under the law of this State the witness, Lillian Howell is deemed an accomplice to the crime charged, because, if her testimony to the overt act is true, she could be prosecuted as an offender of the same statute under which the Defendant is now being prosecuted upon indictment found by a Grand Jury of this County, and because of the fact that in law she is an accomplice this court charges you that her testimony is to be received by you with caution and weighed and scrutinized with great care by the jury."

The court refused to give this charge, and the defendant excepted. No specific assignment of error is directed to this action of the court, but it was interposed as one of the grounds of the motion for new trial. Without passing on the matter as to whether this question is properly presented, we might observe that we fail to see how the charge quoted above, if it had been given, would have benefited the defendant. It would seem to be predicated upon the proposition that the witness was an accomplice and that therefore her testimony should be received with great care by the jury. She could not have been an accomplice if the defendant had not committed the crime, and the de-

fendant could hardly complain of the refusal to give a charge which assumed, or impliedly assumed, that he was guilty. Furthermore, the court took care of this feature of the case more correctly in the general charge to the jury. The court charged the jury that if the daughter had voluntarily committed the offense with her father, she would be equally as guilty as the father of the crime charged. The court also charged the jury that charges of this character are easily made and extremely difficult to prove, but that whenever the facts and circumstances satisfy a jury of the truth of the charge, notwithstanding it may be an atrocious, repulsive and abhorrent crime, it would be the duty of the jury to find the defendant guilty, if they are satisfied of the truth of the charge from the evidence beyond a reasonable doubt. The court also charged the jury that in weighing the testimony of the prosecutrix, they should consider the fact of her relationship to the defendant, what feelings, if any, she had against him, and what motive actuated her in giving her testimony; that while her uncorroborated testimony might be sufficient, if it satisfied the jury, yet it should be received very cautiously and prudently, and weighed with a great deal of care. We think these instructions were proper, and protected the interest of the defendant more fully than this requested charge, and another requested charge somewhat similar in effect both of which were refused.

As to the question of the sufficiency of the evidence to sustain the verdict raised by the motion for new trial, we cannot see, after a careful examination of the evidence that the court committed any error in overruling the motion. It has been held that the conviction of a person charged with incest may be supported upon the uncorroborated testimony of the person with whom the offense was committed. Mercer vs. State, 83 Fla. 555, 92 So. 535. However, in this case, there was some evidence, as to the conduct and attitude of the defendant towards his daughter,

which tended to corroborate her testimony. On the other hand, there was some evidence tending to corroborate the contention of the defendant that this charge was the result of a conspiracy against him growing out of ill feeling on the part of certain members of his family and their relatives. While it was hard to believe that this father could have been guilty of such a crime, the fact remains that ample evidence was produced before the jury, which, if believed by them, was sufficient to sustain the verdict. It is true that an affidavit of the prosecutrix was introduced recanting the charges which she had made against her father, but she claimed that she was induced to sign the affidavit without reading it and without knowing what was in it. However, there was evidence to the effect that it was read within her hearing before she signed it. It is also true that it was shown that within a few weeks after the crime was alleged to have been committed, the prosecutrix, who was a girl of only 13 years of age, married, and that she represented to the county judge when the license was applied for that she was 21 years of age. But the credibility of the testimony of witnesses is for the jury to determine. They heard this girl testify, they heard her father, the defendant, testify. They had an opportunity to observe their demeanor upon the stand and form an opinion as to their credibility, and likewise as to all the other witnesses. The trial judge, who of course also heard the testimony, declined to grant the motion for new trial; and, as there was substantial evidence to sustain the verdict, this court would not be authorized to hold the trial court committed error in denying said motion for new trial.

The judgment must therefore be affirmed.

Affirmed.

BUFORD, C.J., AND ELLIS, J., concur.

WHITFIELD, J., concurs in the opinion and judgment.

TERRELL, J., dissents.

DAVIS, J., disqualified.

ON REHEARING.

BROWN, J.—Upon a reconsideration of this case on rehearing, we are of the opinion that while there was some evidence to support the verdict the weight and probative force of the evidence, considering it all together, preponderates so strongly against the verdict that the court cannot conclude that such verdict was the result of a due consideration of the evidence, and that right and justice demand that another jury should pass upon the issues made. Fuller v. State, 92 Fla. 873, 110 So. 528; Armstrong v. State, 30 Fla. 170, 11 So. 618, 17 L. R. A. 484.

Therefore the judgment of affirmance heretofore rendered is set aside and the judgment of the court below is reversed and the case remanded for a new trial.

WHITFIELD AND TERRELL, J.J., concur.

BUFORD, C.J., AND ELLIS, J., dissent.

DAVIS, J., disqualified.