TIP TOP GROCERY COMPANY v. CATHERINE WELLNER, *et vir.*

186 So. 219.
Opinion Filed November 14, 1938.
Rehearing Denied January 3, 1939.

*Wiseheart & Wiseheart* and *Knight* and *Green,* for Plaintiff in Error;

*Price & Price* and *Arthur F. Bauer,* for Defendants in Error.

CHAPMAN, J.—This case is here on writ of error to a final judgment for the plaintiff below entered by the Circuit Court of Dade County, Florida. The verdict of the jury was for the plaintiff in the sum of $2,000.00 and the trial court in its order denying a motion for a new trial, ordered the filing of a *remittitur* by the plaintiff of all the recovery in excess of the sum of $600.00, and upon a failure to do so a new trial would be granted. The judgment for the plaintiff was entered in the sum of $600.00 by the trial court and the defendant below seeks in this Court a reversal of said judgment. The parties will be referred to in this opinion as plaintiff and defendant.

The case was tried on counts 2 and 3 of the declaration, viz.:

"II. That on or about the 7th day of January, 1935, that the plaintiff, Catherine Wellner, approached the bread counter of the defendant, Tip Top Grocery Company, a corporation, in the store of the defendant at No. 27 N. W. 5th Street, Miami, Florida, and inquired of one Ruth Arrant, an employée of the defendant working at the bread counter for the plaintiff, which the plaintiff had theretofore ordered, whereupon the said Ruth Arrant falsely and maliciously spoke and published of and concerning the plaintiff the following words, to-wit: 'You did not pay for the bread you got Saturday.' Whereupon the said Ruth Arrant continued to repeat the said accusation in a high and accusing tone of voice in the presence and hearing of divers persons within the said store, meaning and intending thereby to charge the plaintiff with the larceny of the bread on the preceding Saturday; that by reason of such accusation, the plaintiff was greatly damaged and prejudiced in her name, fame, credit and reputation, and suffered and endured and will continue to suffer and endure mental and physical pain as a result of the said accusations; that by reason of said accusations the plaintiff was greatly humiliated and embarrassed in the presence of divers and sundry persons, and as a result thereof has been greatly damaged in the sum of $10,000.00.

"III. Plaintiff further sues the defendant in the third count, for that, heretofore, to-wit, on the 7th day of January, 1935, the Tip Top Grocery Company, a corporation, was engaged in the business of selling groceries and other food supplies to the public in its store building located at No. 27 N. W. 5th Street, Miami, Florida; that on said day and date, the plaintiff, Catherine Wellner, went into the store aforesaid to purchase bread which she had theretofore requested the plaintiff to hold for her, and inquired of one Ruth Arrant, a clerk and employee of the defendant in the

bakery department of said store for the bread which was to be held for the plaintiff. Whereupon the said Ruth Arrant, working within the line of her duty and the scope of her employment, then and there did publish of and concerning the plaintiff a certain false and malicious libel, to-wit, 'You did not pay for the bread you got Saturday.' meaning thereby to charge the plaintiff with the larceny of the bread which she had purchased on the preceding Saturday, that upon the charge being made, the same was denied by the plaintiff, whereupon the said Ruth Arrant, in a high tone of voice that could be heard throughout the store, repeated the accusations in such a manner and tone as to call the attention of divers and sundry persons then in the store to the such accusations, and in the presence and hearing of divers persons within the store as aforesaid, did repeat the said accusations, meaning thereby to charge this plaintiff as being dishonest and a thief; that as a direct result of the act of said accusation, the plaintiff, Catherine Wellner, is greatly prejudiced in her good name, fame, credit and reputation, and has suffered and endured, and will continue to suffer great mental pain and anguish, humiliation and embarrassment caused by reason of the malicious speaking of the libel aforesaid. 'Wherefore, plaintiff sues and claims damages in the sum of $10,000."

The case went to trial on the plea of not guilty to counts 2 and 3 of the declaration, *supra,* and a third plea to the 2nd and 3rd counts, to the effect that the alleged slanderous words were spoken by its employee in the usual course of business. Another plea was to the effect that the words spoken were in good faith and without malice and were true, and another plea was to the effect that the words spoken were in the usual course of. business for good motives and were true.

It is contended here by the plaintiff in error, defendant

below, that counts 2 and 3 fail to state a cause of action. The words alleged to have been used by an employee of the defendant being: "You did not pay for the bread you got Saturday," were said in a loud and accusing voice in the defendant's grocery store where it could be heard by those present. The words are *per se* slanderous and from their use it may be implied that the plaintiff committed the crime of larceny by taking the bread. If the publication is false and not privileged and the proximate consequence is to injure a person in his personal, social, official or business relations in life, wrong and injury are presumed. In the case of McClellan v. L'Engle, 74 Fla. 581, text 588-9, 77 So. 270, this Court said:

"A civil action for libel will lie when there has been a false and unprivileged publication, which exposes a person to distrust, hatred, contempt, ridicule or obloquy, or which causes such person to be avoided, or which has a tendency to injure such person in his office, occupation, business or employment. If the publication is false and not privileged, and is such that its natural and proximate consequence necessarily causes injury to a person in his personal, social, official or business relations of life, wrong and injury are presumed or implied and such publication is actionable *per se*." Montgomery v. Knox, 23 Fla. 595, 3 South. Rep. 211; Jones v. Greeley, 25 Fla. 629, 6 South. Rep. 448; Ogden on Libel and Slander, 21; 25 Cyc. 243; Briggs v. Brown, 55 Fla. 417, 46 South. Rep. 325; Land v. Tampa Times Pub. Co., 68 Fla. 546, 67 South. Rep. 130; Stewart v. Codrington, 55 Fla. 327, 45 South. Rep. 809. The language of a publication alleged to be libelous should be construed as the common mind would naturally understand it. Jones, Varnum & Co. v. Townsend's Administratrix, 21 Fla. 431."

In the case of Commander v. Pederson, 116 Fla. 148, 156

So. 337, the Court had before it the same questions and said:

" 'Imputations Actionable *per se* or *per Quod.* * * * Words may be ac'ionable in themselves or *per se,* or they may be actionable only on allegation and proof of special damage or *per quod.* The distinction is based on a rule of evidence. Words of both classes are actionable on the same grounds and for the same reasons. The noxious quality in both lies in the fact that they are the natural and proximate causes of pecuniary damage to those concerning whom they are maliciously uttered. The difference between them is in the matter of proof of the resulting injury. In the case of words actionable *per se* their injurious character is a fact of common notoriety, established by the general consent of men, and the court consequently takes judicial notice of it. They necessarily import damage, and therefore in such cases general damages need not be pleaded or proved, but are conclusively presumed to result, and special damage need not be shown to sustain the action. Moreover, malice is presumed as a matter of law in such cases. Words actionable only *per quod* are those whose injurious effect must be established by due allegation and proof. * * * ' "

We do not think the lower court erred in holding that counts 2 and 3, *supra,* each stated a cause of action.

It is next contended that the evidence adduced on the part of the plaintiff below was legally insufficient to support a verdict for the plaintiff. While it is true that the plaintiff offered but two or three witnesses who were present in the store at the time of the use of the words alleged to have been used, we think the jury had a right to pass upon the testimony as given by these witnesses and if believed a verdict could be found for the plaintiff. It was a jury question and within their province to settle.

This Court has held by an unbroken line of decisions that a new trial will not be granted on the ground that the verdict is contrary to law and the evidence, there being sufficient evidence to support the verdict, however conflicting the testimony of witnesses of the respective parties may be, unless it seems that great injustice will result, or that the jury acted under improper influences. See Sherman v. State, 17 Fla. 888.

Where there is substantial evidence to support the verdict, the verdict will not be set aside as against the evidence unless it may well be assumed that the jury was improperly influenced by considerations outside of the evidence. See Kirkland v. State, 93 Fla. 172, 111 So. 351; Whitton v. State, 93 Fla. 97, 111 So. 514. See also Armstrong v. State, 30 Fla. 170, 11 So. 618; 17 L. R. A. 484; Howell v. State, 102 Fla. 612, 136 So. 456, 139 So. 187.

It is next contended that the verdict and judgment in the case at bar is excessive. The jury returned a verdict in the sum of $2,000.00 and the trial court ordered a *remittitur* in the sum of $1400.00 and a judgment stood affirmed in the lower court for the plaintiff in the sum of $600.00. We have carefully considered all the testimony that is disclosed by the record and have reached the conclusion that the amount of the judgment affirmed in the lower court is not excessive. We do not think this assignment has merit. See Wolkowsky v. Garfunkel, 65 Fla. 10, 60 So. 791; Jones & Brother v. Greely, 25 Fla. 630, 6 So. 448.

The judgment appealed from is hereby affirmed.

TERRELL, C. J., and WHITFIELD and BUFORD, J. J., concur.

BROWN, J., dissenting.

THOMAS, J., not participating.

### On Petition for Rehearing

Per Curiam.—On petition for rehearing it is suggested that the Court failed to consider that the words, viz.: "You did not pay for the bread you got Saturday," were said in a loud and accusing voice and are *per se* actionable because the authorities cited in the opinion do not wholly support such a conclusion. While the authorities cited may support such a contention, it is true that we did not overlook Abraham v. Baldwin, 52 Fla. 151, 42 So. 591, and Briggs v. Brown, 55 Fla. 417, 46 So. 325.

Careful consideration has been given to each ground of the petition for rehearing filed in this cause. The petition for rehearing is hereby denied.

Whitfield, Buford and Chapman, J. J., concur.

Brown, J., dissents.