J. K. MITCHELL v. G. H. TUCKER

188 So. 573
Division B.
Opinion Filed May 2, 1939.
Rehearing Denied May 18, 1939.

*G. C. Durrance,* for Plaintiff in Error.

*Smith & Kanner,* for Defendant in Error.

PER CURIAM.—This case is here on writ of error to review a final judgment in ejectment in behalf of the plaintiff below entered by the Circuit Court of Martin County, Florida. The plaintiff below, proceeding under the common law rules, deraigned his title from the United States Government through Item No. 17 of the Bill of Particulars, being the last recorded conveyance in the chain of the

record title. Plaintiff offered in evidence the deeds described, viz:

"18. That by Tax Deed, dated November 8, 1932, and recorded November 14, 1932, in Deed Book 15, page 97, Public Records of Martin County, Forida, State of Florida conveyed the lands involved herein, and other lands, to G. H. Tucker.

"19. That by Sheriff's Deed, dated July 3, 1933, and recorded November 6, 1933, in Deed Book 26, page 137, Public Records of Martin County, Florida, C. E. Christensen, as Sheriff of Martin County, Florida, conveyed the land involved herein, and other lands, to Marshall N. Hunt.

"20. That by Sheriff's Deed, dated November 6, 1933, and recorded November 6, 1933, in Deed Book 26, Page 136, Public Records of Martin County, Florida, C. E. Christensen, as Sheriff of Martin County, Florida, conveyed the land involved herein, and other lands, to Marshall N. Hunt.

"21. That by Quit-Claim Deed, dated March 29, 1937, and recorded April 5, 1937, in Deed Book 27, Page 603, Public Records of Martin County, Florida, Marshall N. Hunt, a widower, conveyed the land involved herein, and other lands, to G. H. Tucker."

The defendant below based his defense on adverse possession prior to November 8, 1932, and that the continuity thereof existed or continued until October 4, 1937, the time of the filing of the instant suit. It is contended here that the evidence offered by the defendant on the claim of adverse possession is conclusive and that the jury in its verdict was influenced by some motive not found in the testimony. We think this position would be tenable were it not for the rebuttal testimony of T. W. Conley, Jr., G. V. Hudson, Grady Boyne, and Billie King. The latter testified that he sold his claim to the improvements and the property for a

named sum and owned no interest in the land; that he went on the land by the consent of Mr. McGriff, agent for the "Conners' Estate" in 1929. It was agreed by Billie King with Mr. McGriff that he could farm the land under two conditions: First, that he would not give the owners any trouble about surrendering the possession of the property; and, second, that he would not let any timber be cut and hauled for wood mills or saw mills. The lower court did not err in holding as a matter of law that the evidence was conclusive on the disputed question of adverse possession. We think the facts upon which adverse possession was based are questions for the jury to decide under appropriate instructions. See Skinner Mfg. Co. v. Wright, 56 Fla. 561, 47 So. 931.

We have read the evidence as disclosed by the record and think or believe there is substantial evidence therein to support the verdict of the jury, and, in fact, the rebuttal evidence offered by the plaintiff showing admissions against interest as made by the defendant below cannot be ignored. This Court has held by a long line of decisions that where there is any substantial evidence to support a verdict, the same will not be set aside unless it may be well assumed that the jury was improperly influenced by considerations outside the evidence. See Kirkland v. State, 93 Fla. 172, 111 So. 351; Whitton v. State, 93 Fla. 97, 111 So. 514. See also Armstrong v. State, 30 Fla. 170, 11 So. 618, 17 L. R. A. 484; Howell v. State, 102 Fla. 612, 136 So. 456, 139 So. 187. We have considered the entire record, briefs and argument and fail to find error in the record.

The judgment appealed from is affirmed.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur.

BUFORD, J., concurs in opinion and judgment.

Justices TERRELL and THOMAS not participating as authorized by Section 4687 Compiled General Laws of 1927 and Rule 21-A of the Rules of this Court.