ORFINGER, Judge,
dissenting.
The plaintiff appeals from an adverse summary judgment in an action for false *75 imprisonment and slander. We must consider the record in the light most favorable to the plaintiff, as the non-moving party and the testimony is viewed in that fashion. Holl v. Talcott, 191 So.2d 40 (Fla.1966); O’Connell v. Walt Disney World Co., 413 So.2d 444 (Fla. 5th DCA 1982).
Cathryn C. Pollock went into Albertson’s store to shop. Her husband and daughter were waiting for her in their car in the store’s parking lot. As she went by the cosmetics counter she decided to purchase two tubes of lipstick, and after selecting the colors she wanted she placed them in her shopping cart. The small tubes, not mounted on a card, slipped through the openings in the shopping buggy, and when this happened for the third time, Ms. Pollock wrapped them in a manufacturer’s “cents-off” coupon which she had acquired in the store, and placed them in her pocketbook, which she described as a large, open bag without a lock or any compartments. She wrapped them in the coupon so that she could easily get to them in her pocketbook when she arrived at the checkout counter. She selected the few other items she had come in for, and got into the express check-out lane to pay for her purchases, including the lipsticks.
While waiting in the check-out line, a security guard employed by Albertson’s approached her, asked her to step out of the line and in a loud and accusing voice said: “... I’m going to give you a break. I could arrest you but I’m going to give you a chance to pay for those two tubes of lipstick in your pocketbook.” Although she explained to this person that she was waiting in line to pay for her purchases and had every intention of paying for the lipsticks, he nevertheless continued this conversation so that everyone nearby in the “very busy store” could hear. Plaintiff contends that she was embarrassed, humiliated and shamed and sought damages for the store’s actions.
The trial court apparently granted Al-bertson’s motion for summary judgment on the basis of section 812.015(3-5), Florida Statutes (1981), which permits a merchant who has probable cause to believe that merchandise has been unlawfully taken by a person, to detain that person in a reasonable manner for a reasonable length of time in order to recover that merchandise, and without liability to such person for “false arrest, false imprisonment or unlawful detention.” (Section 812.015(3)(c)). See Rothstein v. Jackson’s of Coral Gables, Inc., 133 So.2d 331 (Fla. 3d DCA 1961) and Weissman v. K-Mart Corp., 396 So.2d 1164 (Fla. 3d DCA 1981), both cited in the order granting the motion for summary judgment. But while the court may have been correct in holding that by virtue of section 812.015, it was reasonable for the security officer to believe that plaintiff was unlawfully taking the lipstick when she put it in her pocketbook and thus reasonable for him to detain her in a reasonable manner, the court was not correct in concluding that this statute protected Albertson’s from the effect of a slander committed in the course of such detention.
In Food Fair Stores, Inc. v. Kincaid, 335 So.2d 560 (Fla. 2d DCA 1976) the court held that the predecessor statute to the one involved here, while protecting a merchant against a claim for false arrest, did not offer any protection against a claim of malicious prosecution “so the law otherwise applicable to this cause of action applies.” Weissman v. K-Mart, supra, cited by the trial court here, approved the same principle. Since the subject statute likewise offers no protection to the merchant for any slander, the law otherwise applicable to that cause of action applies.
In Tip Top Grocery Co. v. Wellner, 135 Fla. 518, 186 So. 219 (1938), there was an appeal taken from a verdict for plaintiff in an action for slander based on facts quite similar to those here. There, a store clerk had accused the plaintiff, a customer, of not having paid for bread which she had gotten earlier. In holding these words to be slanderous per se, and in affirming the verdict, the supreme court said:
The words alleged to have been used by an employee of the defendant being: “You did not pay for the bread you got *76 Saturday”, were said in a loud and accusing voice in the defendant’s grocery store where it could be heard by those present. The words are per se slanderous and from their use it may be implied that the plaintiff committed the crime of larceny by taking the bread. If the publication is false and not privileged and the proximate consequence is to injure a person in his personal, social, official or business relations in life, wrong and injury are presumed. In the ease of McClellan v. L’Engle, 74 Fla. 581, text 588, 589, 77 So. 270, text 272, this Court said:
A civil action for libel will lie when there has been a false and unprivileged publication which exposes a person to distrust, hatred, contempt, ridicule, or obloquy, or which causes such person to be avoided, or which has a tendency to injury such person in his office, occupation, business or employment. If the publication is false and not privileged, and is such that its natural and proximate consequence necessarily causes injury to a person in his personal, social, official, or business relations of life, wrong and injury are presumed or implied and such publication is actionable per se. [Citations omitted].
Defendant here does not deny that the incident occurred, but does not agree with plaintiffs version of what transpired during the incident. Defendant also claims privilege in the statements made to plaintiff and says that the statements “were not made with the requisite knowledge of falsity or reckless disregard for the truth.” Clearly then, on the cause of action for slander, several jury issues are made. First, there is a dispute as to the facts. If the words were spoken as plaintiff asserts they were, they are slanderous because they accused her of trying to steal the lipsticks. Next, there is an issue as to the truth of the accusation that Ms. Pollock intended to steal the lipsticks. The act of moving goods within a self-service store is not per se an indication of intent to steal, although an asportation and concealment of goods within a self-service store may be sufficient evidence to prove the intent to steal. Haslem v. State, 391 So.2d 389 (Fla. 2d DCA 1980). Intent is ordinarily a question of fact for the trier of fact. State v. Waters, 436 So.2d 66 (Fla.1983). Here there is evidence that plaintiff was waiting in the check-out line to pay for the goods, including the lipstick, and the evidence is undisputed that she had the money to do so. It is therefore up to the trier of fact to determine whether or not criminal intent existed.
Similarly, the issue of privilege should not have been decided summarily. Plaintiff testified that the statements were made in a loud, accusatory voice so that everyone (including customers) in the vicinity could hear them. If there is a qualified privilege in making the statements, that privilege could be exceeded if made before too wide an audience, and the question of whether a privilege exists or has been exceeded in some manner creates a mixed question of law and fact which should be determined by the trier of fact. See Glynn v. City of Kissimmee, 383 So.2d 774 (Fla. 5th DCA 1980) and cases cited therein.
The majority has not expressed its reasons for affirmance, but it seems to me that the plaintiff was entitled to present the slander issue to a jury and should not have been summarily deprived of that right. The absence of a cause of action for false imprisonment does not make the slander action disappear. I therefore dissent, and would reverse the judgment.