## D. A. BARKLEY v. SOUTH ATLANTIC WASTE COMPANY.

(Filed 6 May, 1908).

1. **Employer and Employee — Duty of Employer — Safe Place to Work—Scaffold—Material and Construction.**

    The employer owed a duty to the employee, who was injured while engaged in the course of his employment to work upon a scaffold which he (the employer) had had another to build for the purpose, to exercise due care in selecting materials reasonably suitable and safe for its construction, and to see that it was constructed in a reasonably safe manner.

2. **Same—Evidence—Nonsuit.**

    When there is evidence that a lofty scaffold, upon which an employee was instructed by defendant to do certain work, was built of old and scorched material; that it was knotty, and the injury complained of was caused by the breaking of a piece of timber at a knot, it was sufficient to be submitted to the jury upon the question of defendant's negligence, and thereunder it was error to sustain a motion as of nonsuit upon the evidence.

3. **Same—Contributory·Negligence—No Evidence.**

    When the employee was directed by his employer to do certain work upon a scaffold which had been erected by another delegated by the employer, and when it was shown that the employee was injured owing to faulty material used, and had been assured by the foreman of the employer that the scaffold was safe, he having been unacquainted with either the character of construction or the quality of the material, no question of contributory negligence was presented.

4. **Employer and Employee—Principal and Agent—Respondeat Superior—Safe Place to Work.**

    When the defendant employer delegates to another the building of a scaffold upon which an employee is to work in the course of his duties, he is responsible for the manner in which the scaffold is built.

ACTION to recover damages for personal injuries received by the breaking of a scaffold on which plaintiff was at work, tried before *Ferguson, J.,* and a jury, at October Term, 1907, of MECKLENBURG.

At the conclusion of plaintiff's evidence the defendant moved to nonsuit, which motion was allowed, and plaintiff appealed. The facts are stated in the opinion.

*J. F. Newell, J. D. McCall* and *Brevard Nixon* for plaintiff.

*Morrison & Whitlock* for defendant.

Brown, J. The plaintiff offered evidence tending to prove that he was a carpenter in defendant's service, and at the time of the injury had been working down in a warehouse. On 8 June Mr. Michael, foreman of the carpenters, came for plaintiff and ordered him to go into the factory, which had been damaged by fire and was being repaired, and to "ceil the overhead and case up the joists and truss beams." Plaintiff states: "Mr. Michael came after me at the wareroom; told me that the scaffold that I would find was already constructed up there, and when I got there I found the scaffold built up on the side of some boxes or bins that were in the building prior to the fire." Plaintiff states that he did not assist in building the scaffold, and only casually examined it when he went on it; that he asked Michael if the scaffold was all right, and he said "it was, and to go ahead." Plaintiff further says: "The scaffold ran clear across the building. I worked on the other end maybe a day or two days, and then the last day (the evening I got hurt) Mr. Michael told me to put the molding around this joist or truss, and get a man to help me, and I got Mr. Austin. I cut the molding and would nail up one end. Mr. Austin would nail the molding on while I would cut another piece to go around, and this was possibly between 5 and 6 o'clock in the evening; and the last piece I cut I cut it and shoved it back to Mr. Austin. He was on this scaffold, a piece from me—I don't know what distance—and I asked him how did it fit. He said all right, and I said nail it. I started to nail my end, holding it up so, and the thing broke and went from under me. I had been on this particular scaffold when it fell just about a minute—not over a minute on that particular place until I stepped on there and fell." Plaintiff further says: "The end I had been working

on was pretty well floored all along; this end, that I came around there on and that broke down and fell, I don't know how much floor was on it."

In the view we take of this case it is unnecessary to consider whether the plaintiff was injured by the negligence of a fellow servant. Assuming the standard of duty which defendant owed plaintiff to be as stated in the elaborate brief of the learned counsel for defendant—that "the only duty the defendant owed the plaintiff in regard to the scaffold was to exercise ordinary care in the selection of his fellow servants and to furnish a sufficient quantity of fit and suitable material out of which he and his fellow servants could construct the scaffold"—we think his Honor erred in sustaining the motion to nonsuit. The defendant owed to its employees who were directed to work on this scaffold the duty to exercise due care in selecting materials reasonably suitable and safe for its construction. 2 Labatt, sec. 614; Bushwell on Personal Injuries, secs. 193, 391, 392; *Brewing Co. v. Wood,* 87 S. W., 774; 4 Thompson Neg., sec. 3957, note 30; *Starwick v. Butler,* 67 N. W., 723; *Phœnix Bridge Co. v. Castleberry,* 131 Fed., 181. If defendant delegated the performance of this duty to Michael, it is responsible for the manner in which he discharged it. *Tanner v. Lumber Co.,* 140 N. C., 475; *Avery v. Lumber Co.,* 146 N. C., 592; *McCarthy v. Claflin,* 59 Atl., 290 (Maine). The evidence of witness Wooten is to the effect that the scaffold was built of old material that was scorched in the fire when the building was burned. There is also evidence that the wood was knotty, and that the piece which gave way was broken at a knot. These facts, if true, do not *per se* constitute negligence, but we think they are some evidence to be considered by the jury as bearing upon the inquiry as to whether the defendant exercised reasonable care in selecting material suitable for the construction of a lofty scaffold upon which its servants were required to work.

We fail to see any evidence of contributory negligence.

The plaintiff took no part in selecting the material or in erecting the scaffold, and knew nothing of the character of the material out of which it was constructed. The scaffold was a completed instrument and supposed to be safe when plaintiff was directed to work upon it. The fact that he made only a casual examination does not make plaintiff culpable. He had a right to rely upon the assurance of the foreman that the scaffold was safe, as he was unacquainted with either the character of the construction or the quality of the material. *Liedke v. Moran,* 86 Pac., 646; *Ingram v. Railway Co.,* 99 S. W., 666 (Ky.); *Swanson v. Jenks,* 92 N. Y., 382; *Standard Oil Co. v. Bowker,* 40 N. E., 128.

The judgment of nonsuit is set aside and a new trial is ordered.

New Trial.