AMERICAN BOX & LUMBER COMPANY v. WARREN F. CHANDLER.

165 So. 382.
Opinion Filed September 3, 1935.
Rehearing Denied February 7, 1936.

*Marks, Marks, Holt, Gray & Yates,* for Plaintiff in Error; *Evan Evans,* for Defendant in Error.

PER CURIAM.—This was a case where a building contractor was sued by a workman for injuries sustained by him in the falling of a scaffold alleged to have been constructed out of defective and unsafe scaffolding material furnished to the workman on the job by the employer building contractor. The law of the case was settled upon a former writ of error, the judgment being at that time reversed. American Box & Lumber Co. v. Chandler, 102 Fla. 907, 138 Sou. Rep. 29.

The amended declaration alleged that defendant had employed the plaintiff, a carpenter, to aid in the construction of a building and that plaintiff, as such carpenter, was required by his duties as such, to work upon a scaffold constructed by other employees of the defendant from a supply of materials therefor furnished by the employer for that purpose, and that by reason of one of the timbers so furnished by the defendant being defective and unsuitable for the purpose of scaffolding, whereby it broke, plaintiff fell and was seriously injured through the alleged negligence of his employer in not furnishing a safe supply of materials for a scaffold. The trial court held the declaration stated a good cause of action and in its ruling there was no error. Wilson & Toomer Fert. Co. v. Lee, 90 Fla. 632, 106 Sou. Rep. 462; Gallespie v. Thornton, 95 Fla. 5, 117 Sou. Rep. 714; Sunderland v. Steanson, 122 Kan. 250, 252 Pac. Rep.

221; Beal v. Bryant, 99 Me. 112, 58 Atl. Rep. 428; Kansas City Car & Foundry Co. v. Sawyer, 7 Kan. App. 146, 53 Pac. Rep. 90; Kerr-Murray Mfg. Co. v. Hess, 98 Fed. 56; Barkley v. South Atlantic Waste Co., 147 N. C. 585, 61 S. E. 565; Richards v. Riverside Iron Works, 56 W. Va. 510, 49 S. E. Rep. 437; Lafayette Bridge Co. v. Olsen, 108 Fed. 335; Green v. Sanson, 41 Fla. 94, 25 Sou. Rep. 332; 39 C. J. 623; Bailey on Personal Injuries, par. 199.

The case was tried in the court below on the theory that the master, in order to escape liability for the defective material used by other servants in building a scaffold upon which plaintiff was to work, was under a duty to furnish a supply of such materials all of which, when used, would be safe for the purpose, the duty of furnishing a safe place to work being on the master, and such duty not being capable of being absolutely delegated to another servant to select good material out of a mixed supply of materials that were both good and bad that had been furnished by the master. The master relied upon the defense that he merely furnished the materials for use in scaffold building and exercised no detail over construction of the scaffold, leaving that matter to the carpenters themselves to select good materials from a general supply which happened to contain certain defective and unsuitable timber that one of plaintiff's fellow workmen selected and used, without direction or suggestion of the master, in building the scaffold whereon plaintiff was injured.

The authorities hereinbefore cited sustain the proposition that a master cannot escape liability for defective material in a scaffold built out of lumber taken from a supply furnished by the master, unless all the supply furnished to the workmen is fit, safe and suitable for the purpose of making a safe scaffold whereon the men are to work.

Bailey on Personal Injuries, par. 199; Fitzsimmons v. A. J. Cesery & Co., 61 Fla. 199, 55 Sou. Rep. 465. The foregoing rule was in effect approved by the implication of what was said in the former opinion in this case (American Box & Lumber Co. v. Chandler, *supra*), although that case appeared to be based on a declaration alleging defective construction by the master of an unsafe place to work, rather than negligence of the master in furnishing a defective supply of materials for constructing a safe place to work, the declaration having been amended to present the case in the last mentioned aspect, since the time it was here before.

One of the grounds of the motion for a new trial is that the damages are excessive. The denial of the motion for a new trial is assigned as error and the assignment on the denial of the motion for a new trial has been argued. When the case was here before, defendant in error had accepted a remittitur of $2,500.00 ordered by the lower court. We think the present judgment should be reduced by a remittitur of $2,500.00 and upon condition that such remittitur be entered within thirty days after filing of mandate in the Court below, the judgment will be affirmed for the remainder as of the date of its rendition, otherwise a new trial will be awarded on the motion.

Affirmed on condition of remittitur of $2,500.00, otherwise new trial to be awarded.

WHITFIELD, C. J., and TERRELL, BUFORD and DAVIS, J. J., concur.

ELLIS, J., dissents.