FELLSMERE SUGAR COMPANY v. V. B. MARSHALL.

167 Sou. 649.

Opinion Filed November 4, 1935.
On Rehearing May 6, 1936.

*McKay, Macfarlane, Jackson & Ramsey,* and *Hansbrough & Ferguson,* for Plaintiff in Error;

*Dame & Rogers,* for Defendant in Error.

TERRELL, J.—Writ of error in this cause is to a verdict and judgment awarding damages for personal injuries in favor of the defendant in error. Numerous questions are argued but they all turn on whether or not the master furnished the defendant in error a reasonably safe place to work, including instrumentalities to work with.

Defendant in error was a journeyman carpenter and at the time of the accident in which he was injured was working for the plaintiff in error in the construction or repair of a sugar mill in Indian River County. He had constructed a scaffold or platform on the inside of one tank and over the top of another, from which he descended to the ground about sixteen or eighteen feet by means of a ladder. Both tanks formed part of the sugar mill property.

The declaration alleges that the ladder was furnished the defendant in error by the foreman of the plaintiff in error and that it was about eighteen inches too short. To compensate for the insufficient length of the ladder a four by four timber was nailed securely to the side of the second tank to be used as a hand hold or rest to assist the workmen in getting on the ladder for the purpose of descending to the ground from the platform over the tank.

On the day of the accident from which defendant in error was injured he approached the ladder with a number of tools on his arm and when he placed his hand on the four by four timber which had been placed on the side of the tank for a hand hold or rest it had been reelased and gave way, causing the defendant in error to fall to the ground, injuring his foot severely and producing other bodily injuries. The evidence discloses that some of the injuries were permanent, that they were very painful, and caused defendant in error great bodily pain and suffering.

The evidence discloses that if the ladder had been long enough the hand hold would not have been necessary. If that be true, the ultimate, proximate cause of the accident was the insufficient length of the ladder. In going on the ladder no negligence is charged or attributed to defendant in error. The ladder was furnished by the master. True, it might have been lengthened but instead the handhold

was substituted with the master's knowledge and consent. It was the duty of the master to furnish a ladder of sufficient length or timbers long enough to make one of sufficient length and failing in this it was responsible for accidents resulting from its delinquency. In this holding we do not overlook the duty imposed on the servant but here the master was fully cognizant of and approved the means employed by the servant to compensate for the insufficient length of the ladder.

In this state of the record we must decline to hold the judgment erroneous. The master is bound to furnish the workman a safe place to work and appliances to work with. The jury was warranted in believing that he failed to meet that duty in this case.

We have examined each assignment of error and the argument in support of it carefully and under different facts there would be much to the contention of plaintiff in error but under the facts in this case reversible error is not shown to have been committed. We do not think the declaration was vulnerable to the assault made on it.

The judgment below is accordingly affirmed.

Affirmed.

WHITFIELD, C. J., and BROWN, BUFORD and DAVIS, J. J., concur.

### ON REHEARING, May 6, 1936.

PER CURIAM.—This cause having been further heard upon oral argument pursuant to the rehearing granted and having been further considered by the Court, it is ordered and adjudged by the Court that the judgment of affirmance entered herein on the 4th day of November, 1935, be and it is hereby affirmed.

WHITFIELD, C. J., and TERRELL, BROWN and DAVIS, J. J., concur.

ELLIS, P. J., and BUFORD, J., dissent.