CITY OF HOLLYWOOD, O. W. COLLINS, INC., and ORVILLE W. COLLINS v. JOHN H. BAIR.

168 So. 815.
Division B.
Opinion Filed June 11, 1936.

*C. H. Landefeld, Jr.,* and *Fred Botts,* for Plaintiff in Error;

*E. R. Heimburger, George W. English, Jr.,* and *McCune, Hiaasen & Fleming,* for Defendant in Error.

PER CURIAM.—This case is before us on motion to strike certain exhibits included in the transcript of record but not included in the bill of exceptions, and which exhibits are not identified and authenticated as required by law and the rules of practice, and on the further motion to strike pages 1 to 21, inclusive, of the transcript of the record including copies of the following papers:

"Declaration of the plaintiff filed Dec. 3, 1934; Bill of Particulars attached to Declaration; Demurrer of the defendant, City of Hollywood, filed Jan. 2, 1935; Demurrer of defendants, O. W. Collins, Inc., and Orville W. Collins, filed Jan. 7, 1935; Motion to strike of defendants O. W. Collins, Inc., and Orville W. Collins filed Jan. 7, 1935; Motion for Compulsory Amendment of Defendants, O. W. Collins, Inc., and Orville W. Collins, filed Jan. 7, 1935; Motion for better bill of particulars of defendants O. W. Collins, Inc., and Orville W. Collins, filed Jan. 7, 1935; Amendment to motion to strike of defendants, O. W. Collins, Inc., and Orville W. Collins, filed Jan. 29, 1935; Amendment to motion for compulsory amendment of defendants O. W. Collins, Inc., and Orville W. Collins, filed Jan. 29, 1935; Order of Circuit Court overruling demurrer of City of Hollywood, entered on the 23rd day of Jan.,

1935; Record of said order; Order of Circuit Court of Broward County, Florida, overruling the demurrer of the defendants, etc., entered by said Circuit Court on the 2nd day of March, 1936; Record of said Order."

And also to strike pages 58 to 96, inclusive, of the transcript of record, consisting of copies of the following named papers:

"Instructions requested by the defendants O. W. Collins, Inc., and Orville W. Collins, filed January 16, 1936; Instruction requested by the defendant, City of Hollywood, filed January 16, 1936; Plaintiff's requested instructions filed January 16, 1936."

And also to strike pages 102 to 105, inclusive, of the transcript of the record consisting of the following papers:

"Motion for verdict *non obstante veredicto* filed by O. W. Collins, Inc., and Orville W. Collins, on January 20, 1936."

The grounds for these motions being that these parts of the transcript are in violation of Special Rule 2 and that they did not appear to be necessary for clear and full presentation of some point or question raised by the assignment of errors to be relied upon in this Court. And further, that the plaintiffs in error made no exceptions to the charge given by the court and, are therefore, precluded from reviewing any error that might be in the charge given by the Court. And the further ground that the purported copy of charges requested by the parties is evidenced by the transcript of record and not by the bill of exceptions, and on the further ground that the plaintiffs in error have filed no assignments of error directed to any portions of the contents of the papers, copies of which are sought to be stricken.

And on the further motion to strike the entire bill of exceptions upon the ground that it does not comply with

Special Rule 1 promulgated by this Court, and on other grounds.

And on motion to strike from the transcript of the record pages 99 to 102, inclusive, which constitute motion for new trial, because this copy of such motion appears in the transcript of the record, while another copy of the motion appears in the bill of exceptions.

And upon the further motion to strike certain assignments of error, and on the further motion to quash and dismiss the writ of error. The motion to strike the exhibits should be granted and it is so ordered.

The motion to strike from the transcript of record copies of papers hereinabove referred to should also be granted and it is so ordered.

Motion to strike the entire bill of exceptions, as heretofore stated, is grounded on the fact that it was not prepared in accordance with Special Rule 1 and because it appears that the purported bill of exceptions is a mere transcript of the court reporter's notes and the testimony taken at the trial is not submitted in a narrative and condensed form as required by law, all of which appears from an inspection of the transcript of the record. But, the Circuit Judge has attached to the bill of exceptions his certificate in which he solemnly certifies that it is indispensable that all of the testimony should be stated in the form of questions and answers in order to enable the Appellate Court to properly understand and weigh such testimony.

We cannot go behind this solemn certificate of the Circuit Judge and while we can from the inspection of the record not understand wherein it is indispensable that all the testimony in this case should be stated in the form of questions and answers, we must assume that the Circuit Judge did not sign that certificate as a *pro forma* matter

but that after due and careful consideration he honestly believed that it was essential to the administration of justice that the evidence should be presented to this Court in such form. We can not assume that the Circuit Judge would make that solemn certificate merely for the convenience or accommodation of counsel, nor can we assume that he made it with anything less than a firm conviction that it stated the truth. When he arrived at that conviction it was his duty to make the certificate and when he makes the certificate it becomes our duty, burdensome though it may be, to review the bill of exceptions as contained in the transcript of the record and presented. Therefore, the motion to strike the entire bill of exceptions should be denied and it is so ordered.

Motion to strike from the record the contents of pages 99 to 102, inclusive, should be granted and it is so ordered.

Motions to strike assignments of error as above referred to will be overruled without prejudice to the defendant in error to renew the motion after briefs shall have been filed.

Motion to quash the writ of error and dismiss the cause should be denied and it is so ordered.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.