WILLIAM R. KENAN, JR., and SCOTT M. LOFTIN, as Receivers of the Florida East Coast Railway Company, v. L. W. WALKER.

173·So. 836.

Division B.

Opinion Filed October 31, 1936.

Rehearing Denied April 19, 1937.

*Robert H. Anderson, Loftin, Stokes & Calkins* and *John P. Stokes,* for Plaintiffs in Error;

*Peters & Kemp,* for Defendant in Error.

PER CURIAM.—The writ of error in this case brings for review judgment in favor of plaintiff in a suit for personal injuries which are alleged to have occurred by reason of the plaintiff falling from the top of a ladder when the rung or step of the ladder upon which he was standing in the performance of his duties as an employee of the plaintiff became detached from the frame of the ladder on account of the nails which held the rung or step to the ladder hav-. ing deteriorated and rusted away.

It is undisputed that the plaintiff was in the discharge of his duty as a laborer employed by the defendant. It is undisputed that the ladder had become defective by reason of the nails which held the top rung or step to the ladder to the sides of the ladder having become rusted and deteriorated and unfit longer to hold the rung or step in place.

The record shows that the ladder had been in use for several years on the inside of a water tank used on defendant's railroad to furnish water to engines at a point on the keys between Miami and Key West, Florida; that the rung or step of the ladder had been nailed to the sides of the ladder when same was made with common wire nails, not with galvanized nails; that at times the water in the tank completely covered the ladder and at other times it did not

cover it. The ladder was placed on inside of the tank for the purpose of being used by workmen going in and out of the tank to clean the tank and to repair it, and that on the occasion when this accident occurred the plaintiff was in the act of going into the tank to assist other workmen in cleaning it and caulking it.

There is some evidence that at the time when the accident occurred the plaintiff was in charge of the gang of workmen, in the absence of the foreman of that gang, who was temporarily a short distance away.

The record shows that the plaintiff was directed by the foreman of the gang to go into the tank, which required him to go down this particular ladder from the top of the tank, for the purpose of cleaning and caulking the tank.

The record also shows that it was a known fact amongst men of experience that where instrumentalities constructed of wood fastened together with common nails, are subjected to being part time immersed and part time above the water, that the nails then more rapidly deteriorate, rust and become useless than they will under other conditions.

The evidence also shows that the water used in the tank was treated chemically and for that reason its deleterious effect on nails was quicker than would be that of ordinary fresh water.

The record also shows this instrumentality was used and remained in a place adjacent to the salt water and that the atmosphere adjacent to salt water will also detrimentally affect common wire nails.

The record further shows that there had been no reasonable inspection or test of the ladder or condition of the nails within a long period of time just prior to the injury to the plaintiff.

We can see no good purpose to be served in a lengthy

discussion of the law applicable to this case. It is sufficient to say that this case is ruled by the law as stated by this Court in the case of Fellsmere Sugar Co. v. Marshall, filed November 4, 1935, reported 167 Sou. 649. And the question as to whether or not the defendant was negligent in not having used reasonable care to provide a safe place for the workmen to work and a safe way for the workmen to pass to and from the place where he was required to work was fairly submitted to the jury and the jury determined that question adversely to the defendant.

We find no reversible error disclosed by the record and, therefore, the judgment should be and is now affirmed.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur.

WHITFIELD, C. J., and DAVIS, J., concur in the opinion and judgment.

## ON REHEARING.

PER CURIAM.—The declaration states that the ladder alleged to have been insecure "constituted a part of the permanent structure of the" tank and that defendants negligently furnished to the plaintiff said ladder, a rung of which was defective, insecure, dangerous and insufficient to sustain the weight of the plaintiff; and that defendants negligently failed to replace or repair the ladder and to inform or warn plaintiff of its defective, insecure and dangerous condition; and that defendants negligently failed to make any reasonable inspection of said ladder to determine its adequacy for the use made of it, etc.

It appears that the ladder was constructed of cypress to make it more durable for its uses in a water tank; but that the nails, used in securing the rungs mortised in their supports, corroded and rusted out because of intermittent exposure to water and salt air, which, in view of known facts affecting nails, reasonably put upon the defendants the bur-

den of inspection of the ladder from time to time to maintain its safety if nails used in its construction are subject to more or less rapid deterioration because of the conditions under which the ladder is used.

The evidence indicates that though the ladder was originally safe as constructed, yet appropriate inspection was not made; and it does not appear as against the verdict of the jury, that under the hazardous occupation Act the conduct of the plaintiff in using the ladder without inspecting its condition precludes a recovery of damages reasonably commensurate with the personal injuries received and the fault of the defendants. See Kirkland v. City of Gainesville, 122 Fla. 765, 166 So. 460.

The defect in the ladder was not obvious and there was a duty on the defendants to have the ladder in the tank inspected with sufficient frequency to constitute reasonable care to maintain the ladder in a safe condition for the uses intended by its being made a permanent part of the interior of the water tank. The duty to inspect and repair or to warn of the unsafe condition of the ladder was not complied with, hence the liability.

Rehearing denied.

ELLIS, C. J., and WHITFIELD, BUFORD and DAVIS, J. J., concur.

TERRELL and BROWN, J. J., dissent.

BROWN, J. (dissenting).—It was made to appear that reasonable inspection would or could have disclosed the alleged defect in the ladder, which was not apparent to ordinary observation. Three men had just gone down the ladder ahead of plaintiff. They went down in safety in the usual way, with their faces to the ladder. Plaintiff started down with his back to the ladder; and when he turned around to face the ladder, he evidently put an unusual strain

upon the rung, which, though it was "dapped" into the wood of the uprights, came out, or was forced out by the turn. I think a rehearing should be granted. The ladder was well constructed, made of cypress and the uprights and rungs were in a good state of preservation.