CITY OF HOLLYWOOD, O. W. COLLINS, INC., and ORVILLE W. COLLINS, v. JOHN H. BAIR.

171 So. 237.

Opinion Filed December 5, 1936.

*Botts & Field* and *C. H. Landefeld, Jr.,* for Plaintiff in Error;

*E. R. Heimburger, George W. English, Jr.,* and *McCune, Hiaasen & Fleming,* for Defendant in Error.

PER CURIAM.—Several motions are before the Court to the effect that the writ of error be quashed and dismissed, and the cause affirmed, on the ground that the record, as prepared, violates the rules prescribed by this Court for the preparation of transcripts of record and bills of exception upon appeal; that the bill of exceptions and certain exhibits be stricken and that thereupon the judgment be affirmed because the transcript, absent the alleged defective bill of exceptions, or exhibits, does not present any reviewable questions of law to be decided by the appellate court.

The bill of exceptions appears to be properly authenticated and conforms to the requirements of Sections 4610-4614 C. G. L. (Chapters 12018, and 12019, Acts 1927). The transcript of the record has attached to it an appropriate certificate by the Clerk of the Circuit Court in the form prescribed by our rules and is otherwise apparently gotten up and transmitted to this Court as provided by law. See Section 4626-4632 C. G. L. (Chapter 9168, Acts 1923).

None of the foregoing statutes has been abrogated by Section 4682 (1) C. G. L., Permanent Suppl; Chapter 13870, Acts of 1929. Nor has the Supreme Court yet undertaken to so exercise its rule-making powers under said 1929 Act as to give effect to its rules as superogatory Acts over-riding the 1927 legislation, assuming that such result was intended by the Legislature in enacting the 1929 Act.

The mere incompleteness of the bill of exceptions does not render it no bill of exceptions at all so as to warrant striking it in its entirety. The appellate court may be foreclosed from reversal because the whole evidence has not been properly included in the bill of exceptions as

basis for an assignment of error that the court erred in refusing a new trial. But the bill itself, if otherwise properly authenticated, should stand.

All pending motions denied.

WHITFIELD, C. J., and ELLIS, TERRELL, BROWN, BUFORD and DAVIS, J. J., concur.