CITY OF HOLLYWOOD, O. W. COLLINS, INC., and ORVILLE W. COLLINS, v. JOHN H. BAIR.

186 So. 818.
Opinion Filed October 31, 1938.
Rehearing Denied November 23, 1938.

*Botts & Field* and *C. H. Landefeld, Jr.*, for Plaintiffs in Error;

*E. R. Heimburger, George W. English, Jr.*, and *McCune, Hiaasen & Fleming*, for Defendant in Error.

PER CURIAM.—This case is here on writ of error to review a final judgment for plaintiff below against defendants in the sum of $7,500.00 entered by the Circuit Court of Broward County, Florida. The case went to trial on the amended declaration and a plea of not guilty on the part of each defendant, pleas of contributory negligence and a number of special pleas. Prior hereto the case at bar has been before the Court and is reported in 124 Fla. 520, 168 So. 815; 126 Fla. 413, 171 So. 237. The parties will be referred to hereinafter as plaintiff and defendants as they appeared in the lower court.

The first question presented is the legal sufficiency of the amended declaration. The lower court overruled a demurrer and a motion for compulsory amendment directed thereto and the order is assigned as error here. Pertinent portions of the amended declaration are, viz.:

"That on, to-wit: the 23rd day of August, A. D. 1934. the plaintiff herein, JOHN W. BAIR, was in the employ of the City of Hollywood, a municipal corporation of Florida, defendant herein, as an assistant to and under the direction and supervision of the City Engineer of said defendant, in the inspection and supervision of the construction and re-paving of Hollywood Boulevard, a public street in said City of Hollywood, Florida. On the above said date, O. W.

Collins, Inc., a Florida corporation, defendant herein, was under contract with said defendant, City of Hollywood, and was engaged in the construction and repaving of said Hollywood Boulevard, in said City of Hollywood, Florida. In the forenoon of said date, to-wit: the 23rd day of August, A. D. 1934, plaintiff was instructed by said defendant, City of Hollywood, acting through its duly authorized agent, to-wit: its Engineer, to ride upon a certain Model T. Dump Body Ford Truck, Engine Number 10917801, Title Number 21120C, Tag Number GH 20-242 (1934), the property of and owned by Orville W. Collins, defendant herein, which Ford Truck was in the possession of and was being used by O. W. Collins, Inc., defendant herein, in the work of repaving of said Hollywood Boulevard, with the permission and consent of defendant, Orville W.. Collins.

"Plaintiff, acting within the scope of this employment with said defendant, City of Hollywood, and in compliance with the order of the defendant, City of Hollywood, and with the knowledge and consent of defendants, O. W. Collins, Inc., and Orville W. Collins, boarded, mounted and seated himself upon said truck in compliance with the instruction of the said Engineer of said defendant, City of Hollywood, for the purpose of informing the driver of said truck, to-wit: one Bert Landers, employee of O. W. Collins, Inc., defendant herein, the location of a certain dump to which the debris, broken concrete and broken paving, with which the truck was loaded, was to be dumped and unloaded.

"That it was the duty of the defendant, City of Hollywood, to provide and maintain for plaintiff, a safe place to work and suitable supervision over said work, and that it was the duty of defendant, O. W. Collins, Inc., to transport plaintiff with due care to his safety; yet, notwithstanding the said duties of said defendants in that behalf, plaintiff

avers that said defendants negligently and carelessly dis-- regarded their said duties as aforesaid, for that plaintiff being then and there upon said truck in compliance with the order and instructions of defendant, City of Hollywood, and with the knowledge and consent, of defendant, O. W. Coi- lins, Inc., which truck was owned by defendant Orville W. Collins, and in the possession of defendant, O. W. Collins, Inc., with the permission and consent of said defendant, Orville W. Collins; that plaintiff seated himself beside the driver's seat, which place was provided for him for said pur- pose, and which was about two inches above the level of the floor of said truck, that there were no sides or back to said seat and nothing to hold himself in place during the time said truck was in operation; that the gears and mechanism of said truck were defective and out of repair and not func- tioning properly: * * *

" * * * plaintiff was violently thrown and hurled from his position in said truck and thrown down and under the same and was run over thereby and as a result thereof and of the carelessness and negligence of the defendants as aforesaid, plaintiff was bruised, crushed, mashed, maimed and otherwise injured so that his pelvic bone was broken and fractured and his urethra tube was severed and he was otherwise seriously injured internally so that plaintiff has been confined to his bed ever since; and has suffered great pain and agony which will continue the rest of his natural life; that the said injuries of plaintiff are permanent; that plaintiff has been rendered incapable of performing his trade, business and avocations, and plaintiff further alleges that by reason of such injuries aforesaid, he has been and will be in the future compelled to expend and incur obliga- tions for divers sums of money for medical services, hospital bills and other expenses in connection with said injuries."

It is contended that on the face of the amended declaration it affirmatively appears that the plaintiff at the time of the injury was guilty of contributory negligence which as a matter of law will preclude a recovery by him. The case of Atlantic Coast Line R. Co. v. Ryland, 50 Fla. 190, 40 So. 24, and Labatt on Master and Servant (2nd Ed.) pages 1245 to 1251, are cited to sustain this contention. We can fully agree with the rule expressed in each of these authorities.

Likewise, we have carefully considered the legal sufficiency of the amended declaration in light of the objections pointed out by counsel. While it is true as suggested and argued that the declaration here, in a degree, is subject to the criticism as made, we do not think it fails to state a cause of action. We base our conclusion on the following authorities: Rivers v. City of Gainesville, 106 Fla. 267, 143 So. 245, 107 Fla. 774, 144 So. 481; 115 Fla. 602, 155 So. 844; Williams v. City of Jacksonville, 118 Fla. 671, 160 So. 15; American Box & Lumber Co. v. Chandler, 102 Fla. 907, 138 So. 29, 122 Fla. 169, 165 So. 382; Kirkland v. City of Gainesville, 116 Fla. 319, 156 So. 601, 122 Fla. 765, 166 So. 460; Fellsmere Sugar Co. v. Marshall, 123 Fla. 378, 167 So. 649; Holstun v. Embry, 124 Fla. 554, 169 So. 400; Hamblem, Inc. v. Owens, 127 Fla. 91, 172 So. 694; Kenan, et al., as Receivers, v. Walker, 127 Fla. 275, 173 So. 836; Seaboard Air Line Ry. Co. v. Rentz, 60 Fla. 449, 54 So. 20; Florida Tel. Corporation v. Wallace, 104 Fla. 566, 140 So. 472; H. E. Wolfe Construction Co. v. Ellison, 127 Fla. 808, 174 Fla. 594.

The record here shows that some thirteen pleas were filed by the defendants to the amended declaration. The trial court sustained either a demurrer or a motion to strike pleas 2, 3, 10, 11, 12, and 13, and it is contended here that this ruling by the trial court was error. We have care-

fully examined each of these pleas in the light of the criticism directed on the part of counsel for plaintiffs in error. The authorities cited to sustain their position have been duly considered, but when the pleadings as an entirety, the evidence of the parties, and briefs of counsel are reviewed. it appears that all the rights of the defendants were fully presented, considered and decided in the lower court and that the adverse ruling on the stricken pleas by the lower court was without error.

Assignments 7, 8, 9 and 19 raise the question of the sufficiency of the evidence adduced by the plaintiff to sustain the verdict. This same question is presented in the motion for a new trial. The plaintiff gave evidence as to how his injuries occurred, while the physician testified as to the extent of the alleged injuries and expressed an opinion that plaintiff's injuries were permanent. Photographs of the truck upon which plaintiff was injured while riding were introduced in evidence; and the hole in the highway into which the truck was driven when plaintiff was injured likewise was shown by a photograph. Other exhibits were filed in evidence by the plaintiff. This court has held in several cases that when there is not sufficient evidence to legally support a verdict for one party, the trial judge may direct a verdict for the opposite party. See Cameron, etc. Co. v. Law-Engle Co., 98 Fla. 920, 124 So. 814; Florida East Coast Ry. Co. v. Hayes, 66 Fla. 589, 64 So. 274; Rogers Co. v. Meinhardt, 37 Fla. 480, 19 So. 878; Varnes v. Seaboard Air Line R. Co., 80 Fla. 624, 86 So. 433; Burton v. McCaskill, 79 Fla. 173, 83 So. 919; Florida East Coast R. Co. v. Carter, 67 Fla. 335, 65 So. 254; Ann. Cas. 1916E 1299; Stevens v. Tampa Elec. Co., 81 Fla. 512, 88 So. 303; Smith v. Tampa Elec. Co., 82 Fla. 79, 89 So. 352; Greenblatt v. Bissell Dry Goods Co., 85 Fla. 83, 95 So. 302; Rogers v. Martin, 87 Fla. 204, 99 So. 551; Florida East

Coast R. Co. v. Davis, 96 Fla. 171, 117 So. 842; Nelson v. Hall, 73 Fla. 910, 74 So. 877.

If the evidence is conflicting or will admit of different reasonable inferences, or if there is any evidence tending to prove the issues, it should be submitted to the jury as a question of fact to be determined by them, and not taken from the jury and passed upon by the court as a question of law. See Cameron, etc. Co. v. Law-Engle Co., 98 Fla. 920, 124 So. 814; McKinnon v. Johnson, 57 Fla. 120, 48 So. 910; Starks v. Sawyer, 56 Fla. 596, 47 So. 513; Florida Cent., etc. R. Co. v. Williams, 37 Fla. 406, 20 So. 558; Southern Exp. Co. v. Williamson, 66 Fla. 286, 63 So. 433; L. R. A. 1916C, 1208; Bass v. Ramos, 58 Fla. 161, 50 So. 495, 138 Am. St. Rep. 105; Wood Lbr. Co. v. Gipson, 63 Fla. 316, 58 So. 364; Paul v. Commercial Bank, 69 Fla. 62, 68; So. 68; Johnson v. Louisville, etc., R. Co., 59 Fla. 305, 52 So. 195; Williams v. Sherry, 94 Fla. 998, 114 So. 849; German-American Lbr. Co. v. Brock, 55 Fla. 577, 46 So. 740; Atlantic Coast Line R. Co. v. Pelot, 62 Fla. 121, 56 So. 496. See also King v. Cooney-Eckstein Co., 66 Fla. 246, 63 So. 659, Ann. Cas. 1916 C, 163; Gunn v. Jacksonville, 67 Fla. 40, 64 So. 435; Davis v. Ivey, 93 Fla. 387, 112 So. 264; Florida East Coast R. Co. v. Hayes, 66 Fla. 589, 64 So., 274; Jacksonville v. Glover, 69 Fla. 701, 69 So. 476; Gulf Refining Co. v. Ankeny, 102 Fla. 151, 135 So. 521.

Where there is any substantial evidence to support the verdict, the verdict will not be set aside as against the evidence, unless it may be well assumed that the jury was improperly influenced by considerations outside the evidence. See Kirkland v. State, 93 Fla. 172, 111 So. 351; Whitton v. State, 93 Fla. 97, 111 So. 514. See also Armstrong v. State, 30 Fla. 170, 11 So. 618, 17 L. R. A. 484; Howell v. State, 102 Fla. 612, 136 So. 456, 139 So. 187.

It is next contended that no evidence was adduced to

show that the plaintiff's injuries were due to the defective gears and mechanism of the truck which it is alleged that the defendants operated when in bad condition. It is doubtful if this was a material allegation in light of the entire record. If error existed in this adverse ruling, it was harmless. See Section 4499 C. G. L.

We have here a number of assignments predicated on charges or instructions of the court to the jury either given on its own volition or upon requests of counsel, or refused. We have carefully examined the entire charge as given and find that it contains approximately forty-five pages of type-written matter. It appears to cover exhaustively every possible theory of the case as made by the pleadings. In considering charges or instructions to a jury on assignments in this Court we are compelled or required to review them not as isolated or single instructions but as an entirety, as expressed in Lewis v. State, 55 Fla. 54, 45 So. 998, where it was said:

"It is settled law in this court that in passing upon a single instruction or charge it should be considered in connection with all the other instructions and charges bearing on the same subject, and if, when thus considered, the law appears to have been fairly presented to the jury, an assignment predicated upon the giving of such instruction or charge must fail, unless under all the peculiar circumstances of the case the court is of the opinion that such instruction or charge was calculated to confuse, mislead or prejudice the jury. Atlantic Coast Line R. Co. v. Crosby, 53 Fla. 400, 43 South. Rep. 318, and authorities therein cited; Davis v. State, 54 Fla. 34, 44 South. Rep. 757; Atlantic Coast Line R. Co. v. Beazley, 54 Fla. 311, 45 South. Rep. 761; Cross v. Aby, decided here at this term. It is also settled law here that where an instruction, as far as it goes, states a correct proposition of law, but is defective because

it fails to qualify or explain the proposition it lays down in consonance with the facts of the case, such defect is cured if previous or subsequent charges or instructions are given containing the required qualifications or exceptions. It is not required that a single instruction should contain all the law relating to the particular subject treated therein. Atlantic Coast Line R. Co. v. Crosby, *supra,* and authorities therein cited."

See Atlantic Coast Line R. Co. v. Dees, 56 Fla. 127, 48 So. 28; Pensacola Elec. Co. v. Bissett, 59 Fla. 360, 52 So. 367; Padgett v. State, 64 Fla. 389, 59 So. 946, Ann. Cas 1914B, 897; Simpson v. State, 129 Fla. 127, 176 So. 515.

It is contended here that there is no evidence in the record to show a liability on the part of the City of Hollywood for plaintiff's injury. The evidence shows a contract between the City and O. W. Collins and O. W. Collins, Inc., for paving one of the streets of the City. It was a condition of the agreement that the Collins were to haul or move the debris from the street preparatory to the paving.and that the haul should not exceed one mile. The trucks were loaded and information was requested as to where to deposit the debris and the Engineer of the City of Hollywood directed that the plaintiff here show the driver of the truck where to unload the debris, and when returning the plaintiff fell from the truck when a wheel of the truck went into a hole in the pavement and plaintiff was injured when the rear wheel of the truck passed over the body. We hold it was a question for the jury as to the liability, if any, of the City of Hollywood.

It is next contended that the amount of the verdict was excessive. The evidence shows that the plaintiff was around thirty years of age, with a life expectancy of around thirty-six years. He was a plumber by trade but work was hard to find and he accepted employment with

the City of Hollywood for the sum of $18.00 per week, and had been cn the job about three months when injured. The pelvic bone was fractured and there was a complete severance of the urethra tube, which required an operation. The attending physicians stated that his injuries were permanent. The jury heard the evidence and was of the same opinion. Plaintiff has not been able to work since the injury occurred as he was prior thereto. He has suffered and will continue to suffer intense pain. The rule is well settled that a new trial should not be granted for excessive damages unless the amount is such as to shock the judicial conscience or to indicate that the jury was influenced unduly by passion or prejudice. See Atlantic Coast Line Ry. Co. v. Whitney, 65 Fla. 72, 61 So. 179; Seaboard Air Line Ry. Co. v. Callan, 73 Fla. 688, 74 So. 799; Davis v. Ivey, 93 Fla. 387, 112 So. 264.

We find no error in the record and for this reason the judgment appealed from is hereby affirmed. It is so ordered.

WHITFIELD, TERRELL, BROWN, BUFORD and CHAPMAN, J. J., concur.