PER CURIAM.
Linda Barker, plaintiff in the trial court, appeals from an adverse summary final judgment granted in favor of the Osmans and their insurance carrier, Liberty Mutual Insurance Company.
Linda Barker, who was employed by the Osmans as a “nanny” and as a domestic servant, brought an action for damages for her personal injuries suffered when she fell off an antique dining room table while helping Mrs. Osman repaint the ceiling in the Osman home. The incident occurred during the second day that Linda Barker and Mrs. Osman were using the table.
In her deposition, the appellant-plaintiff stated that without warning one of the legs of the table gave way and both she and Mrs. Osman fell to the floor. There is no evidence in the record as to what caused the leg to give way nor whether or not the leg was defective. Upon the Osmans’ motion for summary judgment, the court reviewed the depositions, affidavits, and the photographs of the table in question, and entered final judgment in favor of the Osmans and their insurance carrier.
The appellant contends the trial court erred in entering final summary judgment in favor of the Osmans because there are questions of fact to be determined by the jury: first, whether or not a reasonable inspection would have revealed the table was defective and second, if so, whether the inspection which was made by the Osmans was reasonable under the circumstances. American Box & Lumber Company v. Chandler, 122 Fla. 169, 165 So. 382 (1935); C. F. Hamblen, Inc. v. Owens, 127 Fla. 91, 172 So. 694 (1937); Kenan v. Walker, 127 Fla. 275, 173 So. 836 (1936); Schneider v. K.S.B. Realty & Investing Corp., 128 So.2d 398 (Fla. 3rd D.C.A.1961); Pierson v. Seale, 128 So.2d 887 (Fla. 3rd D.C.A.1961); Beebe v. Kaplan, 177 So.2d 869 (Fla. 3rd D.C.A. 1965); Sonnenborn v. Gartrell, 179 So.2d 385 (Fla. 3rd D.C.A.1965).
It was for a jury to determine whether, under the circumstances, there was a reasonable inspection of the antique table prior to using it as a platform to support two adult females in an enterprise of painting the dining room ceiling. Therefore, the summary judgment is reversed and the cause is returned to the trial court for a trial on the issues as made by the pleadings.
Reversed and remanded, with directions.